No. 47,411

MERLE UNDERWOOD and DONNA SUE HARVEY, *Appellants,* v. R. C. ALLMON, *Appellee.*

(523 P. 2d 384)

Opinion filed June 15, 1974.

*David D. Gaumer,* of Kingman, argued the cause, and *Paul R. Wunsch* and *Robert S. Wunsch,* of Kingman, were with him on the brief for the appellants.

*E. Lael Alkire,* of Alkire, Clausing, Coldsnow and Wilkinson, of Wichita, argued the cause, and *John D. Clark,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This appeal presents the single question of whether the filing of an appeal bond as security for costs is necessary to perfect an appeal from a county court to the district court in a civil case under the provisions of K. S. A. 1973 Supp. 61-2102. The facts are undisputed and are as follows: The plaintiffs-appellants, Merle Underwood and Donna Sue Harvey, filed an action of forcible detainer against the defendant-appellee, R. C. Allmon, in the county court of Pratt county. The action sought to recover possession of farmland located in Pratt county. The forcible detainer action was tried in the Pratt county court on August 30, 1973. The court took the case under advisement. On September 10, 1973, the county judge mailed a letter to counsel advising them that he had ruled in favor of the plaintiffs on September 5, 1973. The defendant Allmon filed a notice of appeal in the county court on September 14, 1973, and thereafter mailed a copy of the notice of appeal to plaintiffs' counsel. No application was made by defendant's counsel to the county court to set an appeal bond nor did the defendant file any security for the costs which amounted to $15.15 in the county court. The county judge promptly prepared a transcript for the appeal and filed it in the district court on September 14,

1973. Three days later on September 17, 1973, the county judge advised the defendant's local counsel that a bond to secure the costs should be filed. Plaintiffs by motion in district court challenged the jurisdiction of the district court, taking the position that a valid appeal was never perfected because the defendant had failed to file an appeal bond as security for costs. The defendant filed a motion in the district court for an order setting the amount of a bond for costs that the defendant should provide and also requested the district court to set an amount for a supersedeas bond. The district court overruled the motion to dismiss the appeal holding that the filing of a bond to secure the costs was not a necessary requirement to perfect an appeal to the district court from the county court. The district court then proceeded to determine the case on the merits, holding that the defendant was entitled to judgment as a matter of law since the plaintiffs had failed to serve a proper notice to terminate the tenancy. Plaintiffs have appealed to this court raising the single issue as to whether or not a valid appeal was ever perfected from the county court of Pratt county to the district court.

Prior to January 1, 1970, a bond to secure the costs was a necessary step in perfecting an appeal from a county court or other magistrate court to the district court. Appeals under the old Code of Civil Procedure before Justices of the Peace were governed by K. S. A. 61-1002 which provided as follows:

"61-1002. Appeal bond; poverty affidavit. The party appealing *shall* file a good and sufficient bond in the court from which the appeal is taken, to secure the costs of the appeal, unless by reason of his poverty, he is unable to give security for costs, which facts shall be shown by affidavit filed in said court at the time the appeal is taken: *Provided,* That nothing in this act shall excuse the party appealing from furnishing the bond required by section 61-1011 of the Revised Statutes of Kansas of 1923. And *thereupon* the appeal shall be deemed perfected." (Emphasis supplied.)

It should be noted that that statute made it mandatory for a party appealing from a justice of the peace, or a city or county court, in a civil case to file a bond to secure the costs of the appeal, subject to the right to file a poverty affidavit. Under 61-1002 we held that in order to perfect an appeal to the district court from those courts, two steps were essential: (1) The filing of the notice of appeal as provided by 61-1001, and (2) the giving of a bond "to secure the costs of the appeal," as provided by 61-1002. (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585.) Where a cost bond was not filed

the appeal was ineffective to vest the district court with jurisdiction over the subject matter of the controversy. (*Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.*, 141 Kan. 213, 40 P. 2d 337.)

On January 1, 1970, the Code of Civil Procedure before Courts of Limited Jurisdiction became effective. This new code applied to all county courts and other magistrate courts. (K. S. A. 1973 Supp. 61-1602.) Appeals under the new code are governed by K. S. A. 1973 Supp. 61-2101 through 61-2109. 61-2102 replaced 61-1001 and 61-1002 and prescribes the steps necessary to perfect an appeal in civil cases from magistrate courts to the district court. That statute provides as follows:

"61-2102. Notice of appeal; security for costs; perfection of appeal. All appeals from magistrate courts in civil cases shall be by notice of appeal specifying the order, ruling, decision, or judgment complained of, and shall be filed with the clerk of the court from which the appeal is taken within ten (10) days after the entry of such order, ruling, decision, or judgment: *Provided,* That where judgment has been rendered in an action for forcible detainer, and defendant desires to appeal from that portion of the judgment granting restitution of the premises, notice of appeal shall be filed within five (5) days after entry of judgment. The notice of appeal shall specify the party or parties taking the appeal; shall designate the order, ruling, decision or judgment appealed from; and shall name the court to which the appeal is taken. The appealing party shall cause notice of the appeal to be served upon all other parties to the action in accordance with the provisions of K. S. A. 60-205. Upon filing the notice of appeal *and such security for costs as may be required,* the appeal shall be deemed perfected." (Emphasis supplied.)

It should be noted that 61-2102 makes it mandatory to file a notice of appeal with the clerk of the court from which the appeal is taken and further states that the appealing party shall cause notice of the appeal to be served on the other parties of the action. In the last sentence the statute states that upon filing the notice of appeal *and such security for costs as may be required, the appeal shall be deemed perfected.* The filing of a bond to secure the costs is permissive and not mandatory. The new statute makes it discretionary with the magistrate court to require or not to require an appeal bond for costs. In other words the filing of a bond to secure the costs is not necessary to perfect an appeal unless the court requires it.

The undisputed record before us discloses that the defendant filed his notice of appeal with the county court on September 14, 1973, and on the same date the appeal was docketed in the district court. Apparently as an afterthought on September 17 the judge

of the county court advised defendant's counsel that a bond to secure the cost would be required. Once the appeal was docketed in district court the county court lost jurisdiction to require a bond to secure the costs. From the time of docketing the appeal the case was pending and properly under the jurisdiction of the district court. K. S. A. 1973 Supp. 61-2103 requires the clerk of the district court upon receiving a transcript of the proceedings from the county court to file the same and docket the appeal. The statute then states that the district court shall try and determine the action as if originally filed therein. The district court, under the provisions of K. S. A. 60-2001 (c), has the authority to order a party to make a deposit or a further deposit as security for costs where the judge finds that a party has caused, or is about to cause, costs to be incurred in an action substantially in excess of the amount for which security has been deposited with the clerk of the court.

We believe that the legislature in enacting K. S. A. 1973 Supp. 61-2102 clearly expressed the legislative intent that the filing of an appeal bond to secure the costs is not mandatory and is necessary to perfect an appeal only when required by the judge of the magistrate court from which the appeal is taken. A primary rule for the construction of a statute is to find the legislative intent from its language, and where the language used is plain and unambiguous and also appropriate to an obvious purpose the court should follow the intent as expressed by the words used. (*City of Overland Park v. Nikias*, 209 Kan. 643, 498 P. 2d 56.)

The judgment of the district court is affirmed.