No. 47,800

Avco Financial Services, *Appellee,* v. Ager H. Caldwell, and Carrie Caldwell, *Appellants.*

(547 P. 2d 756)

Opinion filed March 6, 1976.

*Robert L. Taylor,* of Hutchinson, argued the cause, and was on the brief for the appellants.

*E. Dexter Galloway,* of Hutchinson, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal by Ager H. Caldwell and Carrie Caldwell (defendants-appellants) from an order of the Reno County District Court which dismissed an appeal from the Reno County Magistrate Court for failure to pay the $35 docket fee in the district court.

The primary issue is whether the payment of a $35 docket fee necessary to file or *docket* a case in the district court pursuant to K. S. A. 1974 Supp. 60-2001 is also necessary to *perfect* an appeal from a magistrate court to the district court under K. S. A. 1974 Supp. 61-2101, *et seq.,* when the magistrate court has not required any security for costs. (K. S. A. 1974 Supp. 61-2102.)

Pursuant to K. S. A. 1974 Supp. 60-2701, Rule 6 (*o*), this appeal is submitted on an agreed statement of the parties. The agreed statement of the parties discloses this matter originated when Avco

Financial Services (plaintiff-appellee) sought a judgment based upon a loan agreement. On August 26, 1974, the Reno County Magistrate Court sustained a motion by the appellee for summary judgment. On September 3, 1974, the appellants filed a timely notice of appeal with the magistrate court indicating that an appeal was taken from that judgment to the Reno County District Court pursuant to K. S. A. 1974 Supp. 61-2101 and 61-2102.

After receiving the appellants' notice of appeal, the clerk of the magistrate court certified and forwarded a transcript of the proceedings and all papers in the case to the clerk of the district court. The district court clerk did not enter the appeal on the docket, but the papers transmitted were marked with a filing stamp showing the date, September 12, 1974. This filing stamp was later stricken by the clerk and the papers were sent back to the magistrate court. That action was apparently taken solely on the district court clerk's own initiative and was based on the fact that a $35 docket fee did not accompany the papers in the case. Nothing in the record indicates the judge of the district court ordered this action. The magistrate court did not, in its decision or any other manner, require security for costs to perfect an appeal from its decision.

On December 6, 1974, the appellants paid the accrued cost in the magistrate court and deposited $35 with the clerk of the district court. On this day the certified papers in the proceeding were again forwarded to the district court clerk where they were filed and docketed. On December 11, 1974, the appellee filed a motion to dismiss for lack of jurisdiction contending the appellants' appeal had not been perfected because security for costs (the docket fee) had not been filed within ten days of the September 3, 1974, notice of appeal. On December 20, 1974, the district court, after a hearing, sustained the appellee's motion to dismiss. Appeal to this court has been duly perfected.

Resolving this appeal involves the construction of two conflicting statutes. The Code of Civil Procedure before Courts of Limited Jurisdiction, K. S. A. 1974 Supp. 61-2102, provides for the filing of appeals as follows:

"All appeals from magistrate courts in civil cases shall be by notice of appeal specifying the order, ruling, decision or judgment complained of, and shall be *filed with the clerk of the court from which the appeal is taken* within ten (10) days after the entry of such order, ruling, decision, or judgment: . . . *Upon filing* the notice of appeal *and such security for costs as may be required, the appeal shall be deemed perfected."* (Emphasis added.)

K. S. A. 1974 Supp. 61-2103 provides in part:

"Once an appeal is perfected, the judge or the clerk of the court from which an appeal is taken shall forthwith prepare a complete transcript of the proceedings before him and transmit the same, together with all papers in the case, to the clerk of the district court to which the appeal is taken. *The clerk of the district court, upon receiving such transcript and other papers, shall file the same and docket the appeal as such court may prescribe by rule.* The plaintiff in the magistrate court shall be the plaintiff in the district court. . . ." (Emphasis added.)

In the Code of Civil Procedure, K. S. A. 1974 Supp. 60-2001 (*a*) provides for docket fees as follows:

"*Docket fee. No case shall be filed or docketed,* whether original or *appealed,* without payment of a docket fee in the amount of thirty-five dollars ($35) to the clerk of the district court." (Emphasis added.)

In *Underwood v. Allmon,* 215 Kan. 201, 523 P. 2d 384, the question was whether an appeal bond to secure the cost was necessary to perfect an appeal to the district court from the county court under the provisions of K. S. A. 1974 Supp. 61-2102. The court noted that prior to January 1, 1970, appeals under the old Code of Civil Procedure required the giving of a bond "to secure the cost of the appeal," as provided by K. S. A. 61-1002. (Repealed, L. 1969, ch. 290, § 61-2606; Jan. 1, 1970.) (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585.) The court held under the new Code of Civil Procedure before Courts of Limited Jurisdiction, the appeal is deemed perfected upon (1) the filing of a notice of appeal and (2) *such security for cost as may be required.* On the facts there presented an appeal bond to secure the costs was not required by the judge of the county court and the giving of a bond was therefore not necessary to perfect the appeal. There, however, the facts do not disclose whether the $35 docket fee was paid to the clerk of the district court or not paid, and the opinion does not discuss the docket fee.

Here no security for costs was required by the magistrate court. As we construe 61-2102, *supra,* the payment of a $35 docket fee to the clerk of the district court is not necessary to *perfect an appeal from a magistrate court* to the district court.

K. S. A. 1974 Supp. 60-2001 requires the payment of a $35 fee to *file or docket* a case appealed to the district court. This statute is not concerned with *perfecting* an appeal. Here the appeal was perfected when the notice of appeal was filed in the magistrate court on September 3, 1974, although the case was not docketed in the district court until December 6, 1974.

The appellee seems to argue the payment of a $35 docket fee in the district court must be accomplished in the ten day period within which the appellant must perfect his appeal from the magistrate court by giving notice of the appeal. Obviously, if the appellant perfected his appeal by filing the notice of appeal at five minutes before the close of the tenth day, the magistrate judge or clerk of the court from which the appeal is taken could not "prepare a complete transcript of the proceedings before him and transmit the same, together with all papers in the case, to the clerk of the district court" (61-2103, *supra*) prior to the expiration of the ten day period. The time within which the docket fee must be paid in the district court is not specified by the legislature in any of the statutes applicable to this matter.

On the facts in this case the appeal was perfected in accordance with 61-2102, *supra,* the magistrate court complied with 61-2103, *supra,* by transmitting the necessary papers in the proceedings before it to the district court and the clerk of the district court *filed* these papers upon receipt, September 12, 1974. Thereafter, *the clerk* of the district court had no authority to return the papers to the magistrate court or to dismiss the appeal. Absent the payment of a $35 docket fee, the appeal on file in the district court was subject to dismissal only upon action taken by the district judge. Prior to any action by the district judge concerning the appeal, the $35 docket fee was paid on December 6, 1974. Thereupon the clerk was required to docket the appeal.

It must be noted 60-2001, *supra,* requires the payment of a docket fee because it uses the mandatory "shall" as follows: "No case shall be filed or docketed, whether original or appealed, without payment of a docket fee in the amount of thirty-five dollars ($35) to the clerk of the district court." In other words, the payment of a docket fee to the clerk of the district court is required in appeals from Courts of Limited Jurisdiction, but the payment is not jurisdictional to the perfection of an appeal in the sense that it must accompany the notice of an appeal. Filing of the notice of appeal in the magistrate court within the ten day period set forth in 61-2102, *supra,* is jurisdictional.

The time within which a docket fee is paid is secondary to actual payment (*U. S. National Bank v. Lloyd's,* 239 Or. 298, 382 P. 2d 851 [1963]) as we construe the conflicting statutes here in question. Since payment of the docket fee affects only the clerk of the district court, and an adverse party is not affected by the time

of the payment of the docket fee, it should not be regarded as jurisdictional. (*State v. Murphree,* 106 So. 2d 430, [Fla. Ct. App. 1958], cert. denied, 108 So. 2d 48 [Fla. 1958]; *Thomas v. City of Gainesville,* 220 So. 2d 644 [Fla. Ct. App. 1969], aff'd 229 So. 2d 833 [Fla. 1969]; and *Parissi v. Telechron, Inc.,* 349 U. S. 46, 99 L. Ed. 867, 75 S. Ct. 577.)

The appellee contends the judgment will be in a state of limbo if a docket fee is not required which will make enforcement of the magistrate court's judgment impossible. The answer to this objection is found in K. S. A. 1974 Supp. 61-2104 which reads in part:

"If an appellant does not file a supersedeas bond as provided in this act, the taking of an appeal shall not operate to stay proceedings for the enforcement of a final judgment or to take execution thereon. . . ."

If no supersedeas bond is filed, the appellee is not prejudiced. If a supersedeas bond is filed, the appellee's rights are protected should he prevail in the district court.

While statutes in dispute are conflicting, the appellee has failed to show prejudice by the appellants' failure to pay the $35 docket fee on September 12, 1974, when the papers from the magistrate court were filed in the district court. (See *Crouch v. Marrs,* 199 Kan. 387, 430 P. 2d 204.) Since the delayed payment of the docket fee affects only the public official that is benefited by the payment, and in no way prejudices the appellee, we hold the appeal was properly perfected on September 3, 1974, when the notice of appeal was filed.

The judgment of the lower court is reversed.