(603 P.2d 642)

No. 50,353

In the Matter of the Estate of Erie L. Kempkes, Deceased.

Opinion filed December 7, 1979.

*Robert S. Jones* and *Kenneth W. Wasserman,* of Norton, Wasserman & Jones, of Salina, for appellant Carol L. Spillman.

*Frank G. Spurney, Jr.,* of Spurney and Spurney, of Belleville, for appellees co-executors.

Before FOTH, C.J., ABBOTT and REES, JJ.

REES, J.: This is an appeal from a dismissal order of a district judge holding that he had no jurisdiction to review an order admitting a will to probate entered by a magistrate judge of the same district. We affirm.

Erie L. Kempkes died on September 13, 1977, leaving as her sole heir at law a daughter, Carol Spillman, the appellant. Three days later, on September 16, a petition for admission to probate of a July 22, 1976, will was filed in the Republic County district court by an individual named in the will as a co-executor. The petition identified by name and address Carol, seventeen other persons including five minors, and a children's home as the devisees and legatees under the will. A guardian ad litem for the

minors was appointed. Carol filed written objection to the admission of the will alleging the decedent was mentally incompetent at the time of the execution of the proffered will. A hearing on the petition and objection was held on October 14, 1977, before the magistrate judge of the Republic County district court. By order entered October 20, he admitted the will to probate. Carol filed a notice of appeal on December 29. No appeal bond was contemporaneously filed. Copies of the notice of appeal were served upon one of the co-executors and the guardian ad litem; there was no semblance of contemporaneous service of notice of the appeal upon thirteen of the identified devisees and legatees.

The will provisions included the bequest of one dollar each to Carol, her husband and her two minor children. Except for this four dollar bequest, the will directed distribution of the estate to the other fifteen devisees and legatees. As to Carol's appeal, the thirteen devisees and legatees not contemporaneously served with notice clearly were not only parties to the action, they were adverse parties.

Although neither a written request nor a written order was filed, the record establishes it was on June 29, 1978, that request was made by Carol to the magistrate judge that the amount of an appeal bond be fixed and it appears he immediately and orally fixed the amount at $50,000. On the next day, June 30, Carol filed a written motion for reduction of the bond; as will be seen, the motion came on for hearing before the district judge; it was never considered by the magistrate judge.

On May 5, 1978, six and a half months after the entry of the order admitting the will to probate, the co-executors had filed written defenses to Carol's appeal alleging lack of jurisdiction. The asserted theories were deficiency of service of notice of appeal and failure to file an appeal bond.

The co-executors' written defenses to the appeal and the motion to reduce bond came on for hearing before the district judge on July 5, 1978. He dismissed the appeal because of service of notice deficiency and failure to file an appeal bond. He also orally held the deficiencies were not technical errors or irregularities within the operation of K.S.A. 60-2105.

Certain observations need be made concerning the posture of this proceeding in the trial court as shown by the record before us. Even though the transcript of the July 5 hearing includes the

statement of Carol's counsel that "on or about June 30th notice was sent by registered mail to all the listed heirs, devisees and legatees . . . . The notice of appeal was delivered to them," there is no certificate of service or affidavit of mailing of record. The same transcript reflects appellant's counsel's further statement that "we are now [*sic*] in contact with the District Magistrate Judge for the purpose of him setting a bond, and we are prepared to file that bond and have it on file today; however, because of the size of the amount of the bond [fixed] we felt perhaps it might be better and save some time if we took this matter up with you directly in view of the fact . . . the amount [fixed is] $50,000 [and] [t]he estate itself is only worth $44,000." However, the record reflects no oral or written ruling on appellant's motion for reduction of bond. Carol's first efforts to have the amount of the appeal bond fixed and to serve notice of her appeal upon the mentioned thirteen parties were not made until eight months after entry of the order admitting the will to probate, six months after the filing of the notice of appeal, eight weeks after the filing and service of the co-executors' written defenses to the appeal, and five days prior to the hearing before the district judge. Furthermore, the record compels the conclusion that notice of the appeal from the magistrate judge's order has never been served upon the thirteen parties and an appeal bond has never been filed. There are no contentions to the contrary.

The appeal was properly taken to a district judge. K.S.A. 59-2404; K.S.A. 1978 Supp. 20-302b(*c*); K.S.A. 1978 Supp. 60-2103a(*a*). Carol understandably concedes noncompliance with the service of notice of appeal requirement of K.S.A. 1978 Supp. 60-2103a(*a*) (see K.S.A. 1978 Supp. 59-2401[*c*]) as well as her failure to file an appeal bond as required by K.S.A. 1978 Supp. 59-2401(*b*).

Carol does not take issue with the co-executors' contention that prior to court unification on January 10, 1977, failure to serve notice of appeal on all adverse parties and failure to file an appeal bond within six months following the order admitting the will to probate were each a jurisdictional defect. *In re Estate of Demoret,* 169 Kan. 171, 218 P.2d 225 (1950) [failure to serve notice of appeal]; *In re Estate of Torrence,* 204 Kan. 443, Syl. ¶ 4, 464 P.2d 193 (1970) [failure to file appeal bond]. Without noting that

*Demoret* and *Torrence* were each specifically decided upon the language of K.S.A. 59-2405 (Corrick) which was repealed as of January 10, 1977, the date of court unification, she argues to us as she did to the district judge that as a result of court unification the defects are not jurisdictional.

Carol argues there now is but one district court having general original jurisdiction over all cases before it and, therefore, this entire probate proceeding was within the district court's, *i.e.,* the district judge's, jurisdiction from its inception even though the petition for admission of the will was heard by a magistrate judge and his order was then appealed to the district judge. She points to the following statutory language in support of her argument:

"There shall be in each county a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law, and also shall have such appellate jurisdiction as prescribed by law." K.S.A. 1978 Supp. 20-301.

"(a) On January 10, 1977, the following courts of limited jurisdiction shall be and are hereby abolished:

. . . .

"(6) probate courts established pursuant to section 8 of article 3 of the Kansas constitution, prior to the revision of said article in 1972." K.S.A. 1978 Supp. 20-335(a)(6).

Carol's argument is without merit.

Although a magistrate judge and a district judge have certain concurrent jurisdiction, including probate actions (K.S.A. 1978 Supp. 20-302b[a]), it is statutorily provided that an appeal from a decision or order of a magistrate judge be tried and determined by a district judge or an associate district judge. K.S.A. 1978 Supp. 20-302b(c).

Appellate jurisdiction exists only as provided by statute. See *Brinson v. School District,* 223 Kan. 465, Syl. ¶ 1, 576 P.2d 602 (1978). A district judge is vested with appellate jurisdiction to hear appeals from decisions and orders of a magistrate judge. K.S.A. 1978 Supp. 20-302b(c). The appellate jurisdiction of a district judge in an appeal from a decision or order of a magistrate judge is not affected by the fact that both judges may have concurrent original subject matter jurisdiction. The existence of concurrent original subject matter jurisdiction does not avoid the need to take statutorily required steps to perfect an appeal.

Relying upon *Underwood v. Allmon,* 215 Kan. 201, 523 P.2d 384 (1974), and *Avco Financial Services v. Caldwell,* 219 Kan. 59,

547 P.2d 756 (1976), Carol argued to the district judge and argues to us that the deficiency of service of notice of appeal and failure to file an appeal bond were technical errors or irregularities that by virtue of K.S.A. 60-2105 are to be disregarded.

*Underwood* and *Avco* are distinguishable. Neither involved an appeal from a probate order. Neither involved service of the notice of appeal. Each was concerned with K.S.A. 1973 Supp. 61-2102 which read:

"All appeals from magistrate courts in civil cases shall be by notice of appeal . . . filed with the clerk of the court from which the appeal is taken . . . . The appealing party shall cause notice of the appeal to be served upon all other parties to the action in accordance with the provisions of K.S.A. 60-205. *Upon filing of the notice of appeal and such security for costs as may be required, the appeal shall be deemed perfected.*" (Emphasis added.)

In *Underwood* it was held the filing of a bond to secure costs was permissive and not mandatory; the filing of a bond to secure costs was not necessary to perfect the appeal unless required by the court; although no bond to secure costs was filed, the magistrate court had required none prior to docketing in the district court; and the district court had exclusive jurisdiction upon the filing of the notice of the appeal in the magistrate court and docketing in the district court. 215 Kan. at 203-204.

In *Avco,* it was held that payment of the district court docket fee was not required to perfect an appeal from the magistrate court to district court. The district court dismissal for lack of jurisdiction entered after payment of the docket fee was reversed on appeal. The district court docket fee had been paid some three months after the filing of the notice of appeal. 219 Kan. at 60-61. The *Avco* opinion includes the following:

"The appellee seems to argue the payment of a $35 docket fee in the district court must be accomplished in the ten day period within which the appellant must perfect his appeal from the magistrate court by giving notice of the appeal. Obviously, if the appellant perfected his appeal by filing the notice of appeal at five minutes before the close of the tenth day, the magistrate judge or clerk of the court from which the appeal is taken could not 'prepare a complete transcript of the proceedings before him and transmit the same, together with all papers in the case, to the clerk of the district court' (61-2103, *supra*) prior to the expiration of the ten day period. *The time within which the docket fee must be paid in the district court is not specified by the legislature in any of the statutes applicable to this matter.*

"On the facts in this case the appeal was perfected in accordance with 61-2102, *supra,* the magistrate court complied with 61-2103, *supra,* by transmitting the

necessary papers in the proceedings before it to the district court and the clerk of the district court *filed* these papers upon receipt, September 12, 1974. Thereafter, *the clerk* of the district court had no authority to return the papers to the magistrate court or to dismiss the appeal. Absent the payment of a $35 docket fee, the appeal on file in the district court was subject to dismissal only upon action taken by the district judge. Prior to any action by the district judge concerning the appeal, the $35 docket fee was paid on December 6, 1974. Thereupon the clerk was required to docket the appeal.

"It must be noted 60-2001, *supra,* requires the payment of a docket fee because it uses the mandatory 'shall' as follows: 'No case shall be filed or docketed, whether original or appealed, without payment of a docket fee in the amount of thirty-five dollars ($35) to the clerk of the district court.' In other words, the payment of a docket fee to the clerk of the district court is required in appeals from Courts of Limited Jurisdiction, but the payment is not jurisdictional to the perfection of an appeal in the sense that it must accompany the notice of an appeal. Filing of the notice of appeal in the magistrate court within the ten day period set forth in 61-2102, *supra,* is jurisdictional.

"The time within which a docket fee is paid is secondary to actual payment (*U. S. National Bank v. Lloyd's,* 239 Or. 298, 382 P.2d 851 [1963]) as we construe the conflicting statutes here in question." (Emphasis added.) 219 Kan. at 62.

As in *Avco,* where the time within which the docket fee was to be paid in the district court was not statutorily specified, in the case before us the time for filing of the appeal bond prescribed by K.S.A. 1978 Supp. 59-2401(*b*) is not statutorily specified. Also, as *Avco* notes, K.S.A. 1974 Supp. 60-2001 uses the mandatory word "shall"; in the case before us K.S.A. 1978 Supp. 59-2401(*b*) uses the mandatory word "shall" as follows: "[T]he appellant . . . shall file in the court from which the appeal is taken a bond in such sum and with such sureties as may be fixed and approved by the court, conditioned that said appellant will without unnecessary delay prosecute the appeal and pay all sums, damages and costs that may be adjudged against said appellant."

We conclude that where an appeal is taken from an order admitting a will to probate as allowed by K.S.A. 1978 Supp. 59-2401(*a*), the filing of the appeal bond prescribed by K.S.A. 1978 Supp. 59-2401(*b*) is mandatory. We do not reach the issue of what constitutes timely filing of the appeal bond required by K.S.A. 1978 Supp. 59-2401(*b*). In this case, no appeal bond had been filed by the appellant, Carol Spillman, when the co-executors' objections to the appeal came on for hearing before the district judge; nor has one been filed since.

Except as to the appeal bond (see K.S.A. 1978 Supp. 59-2401[*b*]), Carol's appeal to the district judge was to be taken in the

manner provided by chapter 60 of Kansas Statutes Annotated. K.S.A. 1978 Supp. 59-2401(c). Reference to chapter 60 leads us to K.S.A. 60-2103 and K.S.A. 1978 Supp. 60-2103a. The latter directs that the notice of appeal from an order of a magistrate judge be filed with the clerk of the district court (K.S.A. 1978 Supp. 60-2103a[a]); both direct that notice of the appeal be served on all other parties to the action or judgment; and together both provide in substance that the appeal shall be deemed perfected upon the filing of the notice with the clerk of the court with failure to make the directed service of notice of the appeal not affecting the validity of the appeal. K.S.A. 1978 Supp. 60-2103a(a); K.S.A. 60-2103(b).

Notwithstanding the fact that by legislative action the validity of an appeal is not affected by lack of service of notice of the appeal, we find it patent that in this case the district judge was powerless to effectively sustain Carol's appeal, for if he ruled the will should not have been admitted to probate, his order would have determined interests of the thirteen nonserved devisees and legatees without due process. In *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 313, 94 L.Ed. 865, 70 S.Ct. 652 (1950), it is said:

"Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."

See also *Weaver v. Frazee,* 219 Kan. 42, 45-46, 547 P.2d 1005 (1976).

Again, we hold Carol's argument concerning the effect of the statutory changes implementing judicial unification in Kansas is without merit. We also hold that here the deficiency of service of notice of the appeal and the failure to file the appeal bond as statutorily mandated were not mere technical errors or irregularities within the operation of K.S.A. 60-2105 as of the time of entry of the district judge's order from which this appeal has been brought to us. These are the sole issues raised before the district judge and presented to us for review.

Affirmed.