(613 P.2d 963)

No. 51,636

WILBUR GENE POORE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed July 18, 1980.

*Mark D. Calcara,* of Great Bend, for appellant.

*Jane M. Isern,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

*Max G. Moses,* of Topeka, was on the brief *amicus curiae* for the Kansas County and District Attorneys' Association.

Before FOTH, C. J., ABBOTT and MEYER, JJ.

*Per Curiam:* This appeal is from the denial of relief under K.S.A. 60-1507. Petitioner claims error: (1) in the failure to give him a copy of the information before his guilty plea; (2) in the failure to advise him of his right not to incriminate himself; (3) in the application of the mandatory firearms statute; and (4) in the denial of an evidentiary hearing.

Petitioner's claim that he was denied due process by the failure of the court to give him a copy of the information is based on K.S.A. 22-3205, which in pertinent part states:

"**Arraignment.** Arraignment shall be conducted in open court and shall consist of reading the complaint, information or indictment to the defendant or stating to him the substance of the charge and calling upon him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead."

The trial court record shows that petitioner asked for a copy of the information at the guilty plea hearing, but the record is unclear as to whether he actually received it. Assuming petitioner did not receive a copy of the information, this court must decide whether that omission is an error requiring the sentence to be vacated.

The arraignment procedure in K.S.A. 22-3205 is modeled after the Federal Rules of Criminal Procedure. (See Judicial Council notes.) Although no Kansas case has addressed the precise issue petitioner raises, federal cases have consistently held that due

process is not violated by failure to give a copy of the information *if* the defendant knows of and understands the charges against him. *Rice v. United States,* 420 F.2d 863, 867 (5th Cir. 1969); *Ray v. United States,* 192 F.2d 658, 659 (5th Cir. 1951); *Stephen v. United States,* 304 F.Supp. 10, 13 (E.D. Tex. 1969); *Rakes v. United States,* 231 F.Supp. 812, 818 (W.D. Va. 1964). Without a showing of some real prejudice to the defendant, a claim of error based on the failure to furnish him with the information cannot be successfully asserted by collateral attack in the federal courts.

Kansas cases where other procedural defects in guilty plea hearings have been challenged use principles similar to those of the federal cases. Kansas courts traditionally consider knowledge and understanding of the charges and prejudice to the defendant in evaluating post-conviction motions.

Although the statutory procedures governing guilty pleas are meant to be strictly followed, the Supreme Court has not insisted that the trial courts follow the statutes "ritualistically." *Trotter v. State,* 218 Kan. 266, 269, 543 P.2d 1023 (1975); *Cox v. State,* 205 Kan. 867, 876, 473 P.2d 106 (1970).

If the statutes have not been strictly followed, the court determines whether the defendant *actually* knew of the charges and understood that his guilty plea was a waiver of certain rights. When the record shows knowledge and understanding by the defendant, the court will not find error in the departure from procedure. See, *e.g., State v. Kennelly,* 207 Kan. 344, 485 P.2d 179 (1971), where the trial court did not specifically advise the defendant of the consequences of his plea; and *State v. Hamilton,* 205 Kan. 228, 468 P.2d 224 (1970), where the trial court engaged in only a brief dialogue with the defendant before accepting his guilty plea.

Other Kansas cases have found procedural errors harmless when the defendant was well informed and not prejudiced by the error. In *State v. Jakeway,* 221 Kan. 142, 558 P.2d 113 (1976), the defendant was held to have waived formal arraignment and plea by going to trial without objection and submitting the question of his guilt to the jury. In *State v. Marshall & Brown-Sidorowicz,* 2 Kan. App. 2d 182, 577 P.2d 803, *rev. denied* 225 Kan. 846 (1978), the court held that failure to include the "State of Kansas" in the caption of the indictment was a formal, non-jurisdictional error which defendant waived by his failure to object at trial. 2 Kan. App. 2d at 192-193.

The federal and state cases emphasize that when the record

shows that a defendant understands the charges through past experience with the courts, through extensive discussion with his counsel, or through plea negotiations, the trial courts will not be said to have committed reversible error when they fail to follow the letter of the law.

Case records in this proceeding show that petitioner was arraigned on October 3, 1978; he was asked if he wanted the charge read to him; he waived the formal reading and pled not guilty. On December 11, 1978, petitioner appeared before the trial court and changed his plea to guilty to the charge of aggravated battery. According to the record, the court asked petitioner if he had discussed the charge of aggravated battery with his attorney, and the petitioner answered that he had.

Inherent in this discussion is the fact that petitioner knew of the charges against him; the plea change two months after arraignment indicates discussion with his own counsel and negotiations with the prosecution. Waiving the reading of the information at the October 4 arraignment shows petitioner's awareness of the charge. The court stated that the charge was aggravated battery in the discussion referred to above. Petitioner's subsequent plea of guilty waived the claimed error of failure to furnish him with a copy of the information. As was stated in *Jones v. State,* 207 Kan. 622, 625, 485 P.2d 1349 (1971):

"It has long been the law of this state that when an accused enters a voluntary plea of guilty, he is deemed to have waived any irregularities which may have occurred in the proceedings prior thereto."

Petitioner's second claim is that he was not advised of his constitutional right against self-incrimination and that his guilty plea was a waiver of that right. The sequence of events at the guilty plea hearing was as follows: (1) The court asked if petitioner was going to change his plea and received an affirmative response; (2) the court advised petitioner that his plea was a waiver of several constitutional rights, but did not specifically advise him of his right against self-incrimination; (3) the court asked petitioner for a factual account of the crime; (4) petitioner began to recite the facts; (5) the county attorney interjected that he assumed petitioner knew that his admissions were a waiver of his right against self-incrimination; (6) petitioner replied affirmatively to the county attorney's interjection.

Petitioner cannot complain of questions concerning the facts of

a crime after his plea because the court must satisfy itself that there was a satisfactory basis for the plea.

Petitioner's third claim is that the trial court misapplied K.S.A. 1979 Supp. 21-4618, which requires a mandatory minimum sentence for use of a firearm in a crime defined by Article 34 of Chapter 21. Petitioner claims that statute does not define "firearm" but that the definitions in K.S.A. 1979 Supp. 21-4201, on the use of unlawful weapons, would exclude the .410 shotgun used by petitioner in this case.

Petitioner's claim confuses two statutes which are distinct statutes with different purposes. Although it is accurate to say that K.S.A. 1979 Supp. 21-4618 does not define "firearm," it does not follow that a definition can be found by reference to K.S.A. 1979 Supp. 21-4201.

Recent case law has quite adequately filled the definition gap left by the statute on mandatory minimum sentencing. The term "firearm" has now been defined in terms of a weapon with "capacity to propel a projectile by force of an explosion, gas, or other combustion." *State v. Davis,* 227 Kan. 174, 177, 605 P.2d 572 (1980); *State v. Deutscher,* 225 Kan. 265, 272, 589 P.2d 620 (1979). It is evident to the court that a .410 shotgun fits the definition of a firearm and that petitioner's third claim is without merit.

Petitioner's final claim is that he was denied his right to an evidentiary hearing under K.S.A. 60-1507. The law is well-settled on this point. When no factual basis for relief appears in the record, the trial court is not required to hold an evidentiary hearing. *Sullivan v. State,* 222 Kan. 222, 223, 564 P.2d 455 (1977); *Hicks v. State,* 220 Kan. 279, 552 P.2d 889 (1976).

Our review of the record shows that the trial court carefully considered all of petitioner's claims at the October 3, 1979, hearing. Finding no substantial basis for relief, he properly denied petitioner's claims and his request for an evidentiary hearing.

Affirmed.