No. 54,735

IN THE MATTER OF THE ADOPTION OF GEROLD ROE RICE and SCARLET RAE RICE, minors, SANDRA JANTZ, *Appellant,* v. FRANCES BEAT and LEONARD BEAT, *Appellees.*

(664 P.2d 838)

Opinion filed June 10, 1983.

*Carla L. Roberts,* of Al Hybsha, Chartered, of Wichita, was on the brief for the appellant.

*Curtis E. Watkins,* of Geisert & McKenna, P.A., of Kingman, argued the cause and *Theodore C. Geisert* and *Patrick E. McKenna,* of the same firm, were with him on the brief for the appellees.

The opinion of the court was delivered by

HERD, J.: This is an adoption proceeding. The district court ordered dismissal of an appeal from the district magistrate judge's order of adoption. This appeal followed.

Sandra Jantz is the mother of six children — Scarlet Rae Rice, Gerold Roe Rice, Darren Jantz, Aaron Jantz, William Justice and Robert Justice. On May 26, 1981, Ms. Jantz filed a motion in the Kiowa County District Court asking that her children, who were at the time in the care and custody of SRS due to her neglect, be returned to her. When the motion was filed Gerold Rice, born in September of 1967, was living with Ms. Jantz's sister and brother-in-law, Leonard and Frances Beat, in Kingman, Kansas. Scarlet Rice, born in March of 1969, was living in a foster home in Wellington, Kansas. At this time Ms. Jantz also filed a motion for change of venue from Kiowa County to Johnson County. On September 8, 1981, the Kiowa County district judge entered a "Nunc Pro Tunc Journal Entry" denying the motion for change of venue but allowing an interlocutory appeal from the denial.

Legal proceedings regarding Ms. Jantz's children, however, were not confined to Kiowa County. Mr. and Mrs. Beat, who already had temporary custody of Gerold Rice, wanted to adopt him as their own. They also wanted to adopt Gerold's sister, Scarlet. To that end the Beats obtained Ms. Jantz's signature on a consent to adoption form for each child. The forms stated that

Ms. Jantz gave her consent to the adoption of the children by Leonard and Frances Beat and that she waived notice of any adoption proceedings. Witnessed by Judge Michael Corrigan, Ms. Jantz signed the forms on June 2, 1981. Markie Rice, the father of Gerold, also signed a consent to adoption form. Mr. Rice was not the father of Scarlet Rice and no father was listed on her birth certificate.

Armed with these consent forms Mr. and Mrs. Beat filed their petition for adoption of Gerold and Scarlet on July 21, 1981, in the Kingman County District Court. On August 24, 1981, Ms. Jantz filed a "Revocation of Consent to Adoption." Nevertheless, the proceedings continued. A home study was conducted and filed with the court. After a delay SRS gave its consent to the adoptions.

Ms. Jantz, however, would not give up. First, she appealed the Kingman County district magistrate judge's decree of adoption regarding Gerold and Scarlet to the district court. Then, on July 2, 1982, she filed a motion to show cause in Kiowa County, alleging SRS and the State of Kansas were in contempt of court because they had not returned her children to her. On the same day, however, the Kingman County District Court dismissed her appeal.

Appellee raises the threshold question of jurisdiction claiming Ms. Jantz failed to file an appeal bond with the district magistrate judge.

K.S.A. 1982 Supp. 59-2401 governs appeals in cases such as this:

"(a) An appeal may be taken within thirty (30) days from the date of entry of any of the following orders, judgments, decrees and decisions:

. . . . .

"(21) An order decreeing, or refusing to decree, an adoption.

"(b) Notwithstanding the provisions of K.S.A. 60-2103, and any amendments thereto, relating to bonds, the appellant, other than the state or municipality or a fiduciary appealing on behalf of the estate, shall file in the court from which the appeal is taken a bond in such sum and with such sureties as may be fixed and approved by the court, conditioned that said appellant will without unnecessary delay prosecute the appeal and pay all sums, damages and costs that may be adjudged against said appellant."

Appellant has failed to file an appeal bond with the magistrate judge even though admonished by the district judge and given additional time to do so. Under the statute the filing of such a

bond is mandatory. See *In re Estate of Kempkes*, 4 Kan. App. 2d 154, 159, 603 P.2d 642 (1979). Still, it has been held mere out-of-time filing of an appeal bond does not defeat appellate jurisdiction where notice of appeal is timely filed because denial of an appeal on technical procedural grounds "should not serve as the basis for dismissing the appeal if the interests of justice dictate otherwise." *In re Estate of Zahradnik*, 6 Kan. App. 2d 84, 89, 626 P.2d 1211 (1981). See also *In re Estate of Duncan*, 7 Kan. App. 2d 196, 198-99, 638 P.2d 992, *rev. denied* 231 Kan. 800 (1982).

We approve of these previous opinions by the Court of Appeals. The situation here, however, is much different. In the case before us Ms. Jantz made no attempt to file the appeal bond out of time. She simply refused to do so even though the district court gave her every opportunity. The statute makes it clear the appeal bond must be filed at some time. When Ms. Jantz failed to do so the district court was without jurisdiction.

The judgment of the district court dismissing the appeal is affirmed.