(688 P.2d 1240)

No. 56,118

CLIFFORD SEATON, *Plaintiff-Appellant,* v. CITY OF COFFEYVILLE, KANSAS, *Defendant-Appellee.*

No. 56,317

CITY OF COFFEYVILLE, KANSAS, *Plaintiff-Appellee,* v. CLIFFORD SEATON, *Defendant-Appellant.*

Opinion filed October 11, 1984.

*Tom Crossan,* of Independence, for the appellant.

*Woody D. Smith,* of Coffeyville, for the appellee.

Before MEYER, P.J., REES and PARKS, JJ.

MEYER, J.: Appellant Clifford Seaton (defendant) was tried in the Municipal Court of Coffeyville, Kansas, for violation of Municipal Ordinance No. 17-245(b) (storage of junk automobiles in a residential district). Having been found guilty in that court, he appealed to the District Court and was again found guilty in a de novo jury trial. Before the district court trial, appellant sought a writ of habeas corpus which was originally granted but later dissolved. The case involving the ordinance violation and the habeas corpus case were separately appealed to this court. They have been consolidated for review.

Defendant first contends that neither the municipal court nor the district court had proper jurisdiction. The basis for this contention is that no complaint against the defendant had ever been filed in the municipal court.

We conclude there is merit to defendant's contention. The jurisdiction of the municipal court, as well as that of the district court on appeal from municipal courts, are statutorily set forth. As defendant contends, K.S.A. 12-4201 requires that actions in municipal court be commenced by the filing of a complaint. That statute, in full, is as follows:

"12-4201. **Commencement of prosecution.** The prosecution for the violation of municipal ordinances shall be commenced by the filing of a complaint with the municipal court."

That statute is clear and unambiguous. The filing of a complaint is mandatory to confer jurisdiction upon a municipal court. There is no evidence present before this court that any such filing was made in this case.

Appellee city undertook to file a "duplicate" complaint in district court. However, other than a brief reference by counsel for the City of Coffeyville that the complaint had been "misplaced," the record is devoid of any evidence that an original complaint had ever been filed in the municipal court at any time. Manifestly there cannot be a duplicate of something which never existed. The only "finding" made by the trial court in this regard is that court's following statement: "[The duplicate complaint] appears to this Court to be sufficient to meet, pass muster, under the Constitutional review as to whether or not it was on file or not, and the ramifications concerning that." This is somewhat less than a specific finding in that "it" could refer to the duplicate, in which case the problem would still remain as to the original. But even if it were a specific finding, in order for it to be effective as such, there would have to be at least some evidence upon which to base the finding. As stated above, we find no such evidence.

We note appellee's contention that K.S.A. 22-3610 is applicable here in that such statute allows a district court to permit the amendment or refiling of a complaint. Appellee claims that the district court's allowance of the filing of the "duplicate complaint" for the first time at the district court level was proper. But just as there can be no duplicate without an original, neither can there be an amendment or a *refiling* of that which never existed.

Further, the district court can not be said to have original jurisdiction of the matter before it. The district court takes an appeal from a municipal court *merely as an appealed case* and does not thereby acquire original jurisdiction. For this general proposition, see *In re Estate of Kempkes,* 4 Kan. App. 2d 154, 157, 603 P.2d 642 (1979). An appeal is strictly statutory in nature. In *Brinson v. School District,* 223 Kan. 465, Syl. ¶ 1, 576 P.2d 602 (1978), the court says:

"The right to an appeal in this state is neither a vested nor constitutional right,

but *is strictly statutory in nature.* It may be limited by the legislature to any class or classes of cases, *or in any manner,* or it may be withdrawn completely. It lies within the legislative domain to determine from what orders or judgments an appeal may be taken." (Emphasis added.)

While *Kempkes* involved an appeal from a magistrate, and *Brinson* from an administrative board, the rules set out therein are clearly applicable to the instant case. See also *Woodworth v. Maddox,* 115 Kan. 445, Syl. ¶ 3, 223 Pac. 275 (1924); *Dry Goods Co. v. Grear,* 76 Kan. 164, Syl. ¶ 1, 90 Pac. 770 (1907); *Parker v. Railway Co.,* 70 Kan. 168, Syl. ¶ 4, 78 Pac. 406 (1904); *Sims v. Kennedy,* 67 Kan. 383, Syl. ¶ 3, 73 Pac. 51 (1903).

Neither has appellant, merely by availing himself of the appellate procedure, voluntarily submitted himself to the original jurisdiction of the district court. See *In re Miller,* 228 Kan. 606, 620 P.2d 800 (1980). See also *In re Estate of Kempkes,* 4 Kan. App. 2d at 157; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 218-19, 40 P.2d 337 (1935), and numerous cases cited therein.

The special statutory provisions governing jurisdiction of municipal courts, being in derogation of the common law, must be strictly construed. Thus, a municipal court has only such jurisdiction and powers as are conferred upon it by statute, K.S.A. 12-4102, and it is bound by statutory restrictions and limitations unless the statutes are silent upon a particular matter. K.S.A. 12-4103.

The cases cited by appellee, *Poore v. State,* 5 Kan. App. 2d 210, 211-13, 613 P.2d 963 (1980) and *Topeka v. Durein,* 78 Kan. 661, 97 Pac. 967 (1908) are distinguishable from the case at bar. The latter dealt with the amendment of a complaint, the former with the failure of the trial court to provide defendant with a copy of the information. Neither is relevant to a situation such as we deal with in the instant case where the original complaint is not shown to have been filed.

We conclude that neither the municipal court nor the district court had jurisdiction over defendant, and both actions against him must be reversed.

Because of the conclusion we reach as to the first issue, it follows that the remaining issues raised on appeal are moot.

Reversed with directions to dismiss the charges.