Donna L. Whiteman Secretary Kansas Department of Social and Rehabilitation Services 915 S.W. Harrison Street Topeka, Kansas 66612
Dear Secretary Whiteman:
In order for the state to be considered for a grant under the child abuse prevention and treatment act (P.L. 100-294) and on behalf of the department of health and human services, you request our opinion concerning two issues:
 1. Whether K.S.A. 1992 Supp. 38-1513(a)(2) can be interpreted to authorize a court to take into consideration a parent's religious objections in deciding whether to order medical treatment for a child who is a ward of the court; and
 2. Whether all children are subject to the same reporting, investigation, and treatment procedures regardless of the parent's religious beliefs.
K.S.A. 1992 Supp. 38-1513(a)(2) states:
 "When the health or condition of a child who is a ward of the court requires it, the court may consent to the performing and furnishing of hospital, medical, surgical or dental treatment or procedures, including the release and inspection of medical or dental records. A child, or parent of any child, who is an adherent of a religious denomination whose religious teachings are opposed to certain medical procedures authorized by this subsection may request an opportunity for a hearing thereon before the court. Subsequent to the hearing, the court may limit the performance of matters provided for in this subsection or may authorize the performance of those matters subject to terms and conditions the court considers proper." (Emphasis added).
There are no appellate cases interpreting this section so it is necessary to look at the legislative history in search of any legislative intention. This provision has remained unchanged since it was enacted in 1982. In fact, the original bill contained the same language which came from a study by the judicial council initiated by the legislative coordinating council in 1979. The council lifted this verbage verbatim from K.S.A. 1980 Supp. 38-343(b) (repealed in 1982) which was found in the old juvenile code. Kansas Judicial Council Bulletin, June, 1981, p. 21. When K.S.A. 1980 Supp. 38-343(b) was enacted in 1979, there was no recorded discussion in the committee meetings and it appears to have passed both houses without objection.
A primary rule for the construction of a statute is to find the legislative intent from its language and where the language used is plain and unambiguous, a court should follow the intent as expressed by the words used. Underwood v. Allmon, 215 Kan. 201 (1974). It is our opinion that this language is unambiguous and that K.S.A. 1992 Supp. 38-1513(a)(2) gives a parent whose religious beliefs oppose certain medical treatment a right to a court hearing — the implication being that a court may or may not take those beliefs into consideration before ordering treatment. This position is supported by the court's ability to "limit the performance of matters provided for in this subsection" (i.e. medical treatment). Consequently, the court can consider the parents' religious beliefs in deciding whether to order medical treatment and, if so, whether to limit that treatment.
This deference to parents who hold these religious beliefs is unwarranted from a legal perspective because the first amendment does not allow parents to impose their own religious views on their children to the extent of exposing them, by withholding life saving medical treatment or assistance, to diseases, ill health, or death. Prince v. Commonwealthof Massachusetts, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1943). In a proper case the state may, through a court or otherwise, interfere to insure that a child is given medical treatment necessary for his or her protection where the custodian has unreasonably refused to supply or allow such treatment because of religious scruples. 42 Am.Jur.2d Infants sec. 16. In the case of Jehovah Witnesses in State of Washington v. KingCounty Hospital, 278 F. Supp. 488 (D.Wash. 1967), aff'd. 390 U.S. 598,20 L.Ed.2d 158, 188 S.Ct. 1260 (1968), the court upheld a portion of the state's juvenile code which permitted the court to make any order for the care of a child found to be neglected even if it involved medical treatment which offended the parent's religious beliefs. In short, there is no legal reason why such deference should be given to parents in a child in need of care proceeding.
In response to the second query concerning whether the reporting, investigation, and treatment of children is the same regardless of the religious beliefs of the parent, it is our opinion that there is no difference. K.S.A. 1992 Supp. 38-1522 is the reporting statute which addresses the reporting of physical, mental or emotional abuse or neglect or sexual abuse of any child. There is no exception or difference in treatment of a child whose parents hold certain religious beliefs. K.S.A. 1992 Supp. 38-1523 provides that the department of social and rehabilitation services and law enforcement officers have a duty to receive and investigate reports of child abuse and neglect and there is no exception or difference in treatment if a child's parents hold certain religious beliefs. In short, there is nothing in the code for care of children which distinguishes among children in terms of their parent's religious beliefs except for K.S.A. 1992 Supp. 38-1513(a)(2) which gives such a parent a right to a hearing and allows a court to take into consideration the parent's religious beliefs when ordering medical treatment.
Summarizing our opinion, the answer to your first query is that K.S.A. 1992 Supp. 38-1513(a)(2) can be interpreted to authorize a court to take into consideration a parent's religious objections in deciding whether to order medical treatment for a child who is a ward of the court. However, in spite of this specific deference to parents with certain religious beliefs, all reports, investigations and treatment procedures are handled in the same manner regardless of the parent's religious beliefs.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm