Dale Bell Emporia City Attorney P.O. Box 928 Emporia, Kansas 66801-0928
Dear Mr. Bell:
You inquire whether a municipal court may disclose court records of a person under the age of 18 who is prosecuted in municipal court for violating an ordinance cigarette or tobacco infraction (tobacco ordinance infraction).[1] While state law provides a counterpart for prosecution of such persons in district court, municipal courts, too, have jurisdiction to hear cases involving persons under the age of 18 who are charged with such ordinance violations.[2]
K.S.A. 1997 Supp. 38-1608 provides, in part:
 "(a) All records of law enforcement officers and agencies and municipal courts concerning a public offense committed or alleged to have been committed by a juvenile under 14 years of age shall be kept readily distinguishable from criminal and other records and shall not be disclosed to anyone, except:
 "(1) The judge and members of the court staff designated by the judge of a court having the juvenile before it in any proceedings;
. . . .
 "(9) any other person when authorized by a court order, subject to any conditions imposed by the order; and
. . . .
 "(b) The provisions of this section shall not apply to records concerning:
. . . .
 "(3) an offense for which the juvenile is prosecuted as an adult.
 "(c) All records of law enforcement officers and agencies and municipal courts concerning a public offense committed or alleged to have been committed by a juvenile 14 or more years of age shall be subject to the same disclosure restrictions as the records of adults. . . . " (Emphasis added.)
When a statute is plain and unambiguous, a court must give effect to the intention of the Legislature as expressed, rather than determine what the law should or should not be.[3] While K.S.A. 1997 Supp. 38-1608 is part of the Kansas Juvenile Offenders Code, K.S.A. 38-1601 et seq., the prohibition against a municipal court disclosing court records of juveniles under the age of 14 years old who commit or are alleged to have committed public offenses is quite clear.
A "public offense" is generally defined as an act or omission prohibited and punished by law.[4] In the absence of legislative intent to the contrary, municipal ordinance violations may be considered public offenses.[5] Therefore, violation of an ordinance that prohibits persons under the age of 18 from possessing or purchasing tobacco products and that prescribes a punishment for its violation is a public offense for purposes of K.S.A 1997 Supp. 38-1608. The statute is not limited only to the records of juvenile offenders but to juveniles who have committed or are alleged to have committed public offenses. Therefore, it is our opinion that the prohibition will apply if a juvenile is charged in municipal court with a tobacco ordinance infraction.
The reference in K.S.A. 1997 Supp. 38-1608 to municipal court records is probably a remnant from the Kansas Juvenile Code (Code), repealed in 1982, which concerned the treatment of "delinquent," "miscreant," and "wayward" children. "Delinquent and miscreant" children were defined as children who violated felony and misdemeanor statutes; "wayward" children were defined as children under the age of 18 who violated ordinances that proscribed certain conduct for children. Under the Code, if a child was charged in municipal court, the latter would dismiss the proceeding and refer the complaint for prosecution in the district court pursuant to the Code.[6]
K.S.A. 38-805c (repealed L. 1982, Ch. 182, § 150), the predecessor to K.S.A. 1997 Supp. 38-1608, provided, in part:
 "(b) [All] records of law enforcement officers or agencies, municipal courts and other governmental entities in this state concerning a public offense committed or alleged to have been committed by a child less than 18 years of age, shall be kept separate from criminal or other records, and shall not be disclosed to anyone except:
 "(1) The judge, and members of the court staff designated by the judge, of a district court having the child before it in any proceeding;
. . . .
 "(5) to any other person, when ordered by a judge of a district court in this state, under such conditions as the judge may prescribe." (Emphasis added.)
In short, prior to 1982, a municipal court not only had to dismiss proceedings against a child, it also had to keep its records confidential unless one of the exceptions allowed disclosure.
In 1982, the Legislature completely revamped the Code by separating it into the Kansas Code for Care of Children and the Kansas Juvenile Offenders Code. A child under the age of 18 who violated certain ordinances that prohibited acts by children under 18 was no longer classified as "wayward" but, rather, as a child-in-need-of-care.[7]
The new Kansas Juvenile Offenders Code established the procedure for the treatment of "juvenile offenders." With certain exceptions, a "juvenile offender" is a person who is at least 10 years old but less than 18 who does an act which if done by an adult would constitute the commission of a felony or misdemeanor.[8] A child under the age of 18 who violates a tobacco ordinance infraction is not a "juvenile offender."[9] However, K.S.A. 1997 Supp. 38-1608 still precludes a municipal court from disclosing records that relate to a tobacco ordinance infraction if a child is under the age of 14 unless an exception applies. Moreover, municipal court records for tobacco ordinance infractions for children who are 14 or older are subject to the same disclosure restrictions as adult records.
You inquire whether K.S.A. 1997 Supp. 38-1608(b)(3) would allow disclosure of municipal court records for tobacco ordinance infractions for children under the age of 14. Subsection (b)(3) allows disclosure of records for "an offense for which the juvenile is prosecuted as an adult." That section refers to prosecution as an adult under the Kansas Juvenile Offenders Code and has no application to municipal court proceedings.[10]
You also inquire whether a municipal court is authorized to issue an order allowing access to records of juveniles under 14 years of age pursuant to K.S.A. 1997 Supp. 38-1608(a)(9) which provides that juvenile records shall not be disclosed to anyone except "any other person when authorized by a court order, subject to any conditions imposed by that order." (Emphasis added.)
The special statutory provisions governing jurisdiction of municipal courts, being in derogation of the common law, are strictly construed.[11] Thus, a municipal court has only such jurisdiction and powers as are conferred by K.S.A. 12-4102 and it is bound by statutory restrictions and limitations unless the statutes are silent upon a particular matter.[12] There is no statute that specifically authorizes municipal courts to issue orders providing for disclosure of juvenile records. Given the strict construction of statutes addressing the powers of a municipal court, it is our opinion that the reference to "court order" in K.S.A. 1997 Supp. 38-1608(a)(9) is to the district court and not municipal court. This interpretation is consistent with the Kansas Juvenile Offenders Code which gives jurisdiction over such proceedings to the district courts.[13] References in the Kansas Juvenile Offenders Code to court orders mean the orders of a district court.[14]
K.S.A. 1997 Supp. 38-1607(b)(8), which governs the disclosure of district court records, contains the same exception that is found in K.S.A. 1997 Supp. 38-1608(a)(9). Ordinarily, identical words used in different statutes on a specific subject are interpreted to have the same meaning in the absence of anything to indicate that a different meaning was intended.[15] Clearly, the exception in subsection (b)(8) of K.S.A. 1997 Supp. 38-1607 refers to district court orders. Reading that statute in pari materia with subsection (a)(9) of K.S.A. 1997 Supp.38-1608 supports our conclusion that the reference to a court order in subsection (a)(9) is to an order of a district court.
Finally, you inquire whether K.S.A. 1997 Supp. 38-1652, which authorizes a judge to close certain juvenile hearings to the public, is applicable to tobacco ordinance infractions in municipal courts.
K.S.A. 1997 Supp. 38-1652 provides, in part:
 "(a) The hearing shall be open to the public as to any respondent 16 or more years of age at the time of the alleged offense or as to any respondent less than 16 years of age . . . except if the judge determines that opening the hearing to the public is not in the best interest of such respondent who is less than 16 years of age.
. . . .
 "(c) As used in this section, "hearings" shall include detention, first appearance, adjudicatory, sentencing and all other hearings held under this code." (Emphasis added.)
Clearly, the hearing referred to in K.S.A. 1997 Supp. 38-1652 refers only to hearings under the Kansas Juvenile Offenders Code and not to hearings in municipal court.
Summarizing, K.S.A. 1997 Supp. 38-1608 prohibits municipal courts from disclosing court records of a juvenile under the age of 14 who is charged with a tobacco ordinance infraction unless a district court orders disclosure. The records of a juvenile over the age of 14 are subject to the same disclosure restrictions as adult records. K.S.A. 1997 Supp.38-1608(b)(3), which allows disclosure of records for a juvenile who is prosecuted as an adult, has no application to municipal court proceedings. Finally, K.S.A. 1997 Supp. 38-1652, which authorizes a district court to close juvenile offender hearings under certain circumstances, is not applicable to hearings in municipal court.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 1997 Supp. 12-4113(o); 12-4214; 12-4305.
[2] K.S.A. 79-3321(m)(n); Attorney General Opinion No. 96-83.
[3] Home Builders Ass'n of Greater Kansas City v. Johnson County WaterDist. No. 1, 22 Kan. App. 2d 161 (1995).
[4] Words Phrases, "Public Offense," p. 323; Black's Law Dictionary 1107 (5th ed. 1979).
[5] State v. Cantiney, 24 N.W. 458, 462 (Minn. 1885); State v. PoliceCourt of City of Deer Lodge, 283 P. 430, 434 (Mont. 1929); Wright v. Cityof Cedar Falls, 424 N.W.2d 456, 457 (Iowa, 1988).
[6] K.S.A. 38-806, 38-815 (repealed L. 1982, Ch. 182, § 150).
[7] K.S.A. 1997 Supp. 38-1502(a)(7). See also Attorney General Opinion No. 97-77.
[8] K.S.A. 1997 Supp. 38-1602(b).
[9] Attorney General Opinion No. 96-83.
[10] K.S.A. 1997 Supp. 38-1602(b)(3); K.S.A. 1997 Supp. 38-1636.
[11] Seaton v. City of Coffeyville, 9 Kan. App. 2d 760, 762
(1984).
[12] Seaton, supra.
[13] K.S.A. 1997 Supp. 38-1604(b).
[14] K.S.A. 1997 Supp. 38-1607: disclosure of court records; K.S.A. 1997 Supp. 38-1624: release of juvenile offender prior to detention hearing; K.S.A. 1997 Supp. 38-1662: mental evaluation of juvenile offender; K.S.A. 38-1663: sentencing dispositions; K.S.A. 1997 Supp.38-1692: AIDS testing.
[15] Swartz v. Swartz, 20 Kan. App. 2d 704 (1995).