THE CITY OF GARNETT, KANSAS, *Appellant,* v. KENDALL K. ZWIENER, *Appellee.*

No. 52,170

THE CITY OF GARNETT, KANSAS, *Appellant,* v. ADOLPH H. MILLER, *Appellee.*

No. 52,171

THE CITY OF GARNETT, KANSAS, *Appellant,* v. PAUL L. CHILSON, *Appellee.*

No. 52,172

THE CITY OF GARNETT, KANSAS, *Appellant,* v. CLAUDE ANDERSON, III, *Appellee.*

No. 52,173

THE CITY OF GARNETT, KANSAS, *Appellant,* v. DANNY C. MILLER, *Appellee.*

(625 P.2d 491)

Opinion filed March 25, 1981.

*Terry Jay Solander,* city attorney, argued the cause and was on the brief for the appellants.

*Steven B. Doering,* of Cole & Doering, of Garnett, argued the cause, and *Frederick M. Jantz,* also of Garnett, was with him on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: These five cases originated in the Municipal Court of Garnett, Kansas, where the five defendants were tried separately and found guilty of the violation of various city ordinances. Notices of appeal were filed in the municipal court within ten (10) days after the date each judgment was entered in compliance with K.S.A. 1980 Supp. 22-3609(2). However, the municipal judge and the clerk failed to certify the complaints, warrants and appearance bonds to the district court within the time limitations set in K.S.A. 1980 Supp. 22-3609(3). This statute regulating appeals from municipal courts reads:

"(1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas or which imposes a sentence of fine or confinement or both. Such appeal shall be assigned by the administrative judge to a district judge or associate district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken by filing a notice of appeal in the court where the judgment appealed from was rendered. No appeal shall be taken more than ten (10) days after the date of the judgment appealed from.

"(3) The judge whose judgment is appealed from, or the clerk of such court, if there be one shall certify the complaint, warrant and any appearance bond to the district court of the county on or before the next court day of such district court occurring more than ten (10) days after the appeal.

"(4) No advance payment of docket fee shall be required when the appeal is taken.

"(5) Hearing on the appeal shall be to the court unless a jury trial is requested in writing by the defendant."

In the present case the certifications to the district court of the complaints, warrants and bonds were late. On motion of the defendants the district court dismissed the five appeals, remanded the cases to the municipal court, and directed the municipal judge to dismiss the charges and discharge the defendants. The City of Garnett appeals and the five cases, by stipulation of the parties, are consolidated for this appeal.

A single issue is presented. Is the time limitation in K.S.A. 1980 Supp. 22-3609(3) for certification of the complaint, warrant and appearance bond mandatory and jurisdictional? If it is mandatory and jurisdictional the appeals to the district court were never perfected and should have been dismissed.

However, the district court was in error in ordering the defendants discharged. K.S.A. 1980 Supp. 22-3609(1) providing for appeals from the municipal court states: "The appeal shall stay all further proceedings upon the judgment appealed from." The perfection of an appeal does not automatically set aside or reverse the judgment appealed from. In *Johnson v. State,* 203 Kan. 947, 457 P.2d 181 (1969), where the convicted defendant appealed from the order of dismissal of the district court, we pointed out:

"[R]egardless of what may have occurred in the appeal procedure, the failure to timely certify the appellant's notice of appeal to the clerk of this court, under the facts and circumstances here presented, does not affect the validity of his conviction." 203 Kan. at 953.

See also *State v. Brown,* 205 Kan. 457, 470 P.2d 815 (1970), where the cause was remanded with directions to permit the State to secure certification of the original complaint by the magistrate and to reinstate the appeal to the district court for further proceedings on the complaint.

It is generally held that a statute authorizing an appeal must be complied with to grant jurisdiction. *City of Bonner Springs v. Clark,* 3 Kan. App. 2d 8, 588 P.2d 477 (1978).

The case of *Thompson v. Groendyke Transport, Inc.,* 182 Kan. 616, 322 P.2d 341 (1958), concerned the statute, G.S. 1949, 60-3306, which provided that a notice of appeal should be filed with the clerk of the trial court, proof of service should be made by affidavit to be attached to the notice of appeal filed with the clerk, and thereupon the appeal should be deemed perfected. This court held the appellant failed to perfect his appeal if he failed to file the affidavit showing proof of service of notice of appeal.

The law is clear that when the appellant has complied with the part of the appeal statute which requires him to take action, any subsequent procedural steps to be taken by some officer, such as a clerk or judge, are directory, not mandatory, and the review proceeding is not defeated by defects created or matters overlooked by such officers. 4 Am. Jur. 2d, Appeal and Error § 298; *Johnson v. State,* 203 Kan. at 953 (failure to timely transmit notice of appeal to clerk of this court); *State v. Brown,* 205 Kan. 457 (failure to secure certification of the original complaint by the magistrate). See also *Crouch v. Marrs,* 199 Kan. 387, 388, 430 P.2d 204 (1967) (failure to serve and file designation of record); *Avco*

*Financial Services v. Caldwell,* 219 Kan. 59, Syl. ¶ 1, 547 P.2d 756 (1976) (failure to pay $35.00 docket fee).

It should be noted that K.S.A. 1980 Supp. 22-3609 is divided into separate numbered paragraphs. Paragraph (2) sets out the requirements for perfecting the appeal. It sets forth the duties of the appellant which are necessary to perfect the appeal. Paragraph (3) sets out procedural requirements. These are duties of the judge or clerk of such court. The mandatory provisions for perfecting an appeal are separated from the directory provisions, which are of a procedural nature.

Under K.S.A. 1980 Supp. 22-3609 governing appeals from municipal courts, once a proper notice of appeal has been filed, the failure of the judge whose judgment is appealed from, or the clerk of such court, to certify the complaint, warrant and appearance bond to the district court on or before the next court day will not defeat a review proceeding.

This holding will not leave an appellant at the mercy of the court officers. In *City of Overland Park v. Fricke,* 226 Kan. 496, 601 P.2d 1130 (1979), we held that municipal officers are subject to the statutory speedy trial requirements of K.S.A. 1980 Supp. 22-3402. Prosecutions delayed beyond those required periods for speedy trial are subject to outright dismissal.

The provision in K.S.A. 1980 Supp. 22-3609(3), governing appeals from municipal courts, directing that the complaint, warrant and any appearance bond be certified to the district court within a stated time is directory rather than mandatory, and in the absence of delay amounting to infringement of a defendant's right to a speedy trial, the city should be allowed to cure such oversight.

In district court cases involving appeals from municipal courts, the time limitations on speedy trials provided for in K.S.A. 1980 Supp. 22-3402 shall commence to run from the date the appeal is docketed in the district court or at the expiration of the time the appeal should have been docketed under the time schedule set forth in K.S.A. 1980 Supp. 22-3609(3), whichever comes first. *City of Overland Park v. Fricke,* 226 Kan. 496.

The judgments of the district court in all of these cases are reversed accordingly and the cases are remanded to the district court for further proceedings in accordance with the opinions expressed herein.