(640 P.2d 1291)
No. 52,920

UNIFIED SCHOOL DISTRICT NO. 259, *Appellee,* v. KANSAS COMMIS-
SION ON CIVIL RIGHTS and PATRICK PALMER, *Appellants.*

Petition for review denied April 14, 1982.

Opinion filed
February 18, 1982.

*Brandon L. Myers,* staff attorney, Kansas Commission on Civil Rights, of Topeka, for appellant.

*William H. Dye,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for appellee.

Before ABBOTT, P.J., PARKS and MEYER, JJ.

ABBOTT, J.: This appeal involves the Kansas Acts Against Discrimination (K.S.A. 44-1001 *et seq.*) as they relate to one alleging discrimination on the basis of his physical handicap.

The facts complained of occurred in September of 1976. Although the statutes have been amended since then, and in one case renumbered, the pertinent portions of the statutes involved remain the same and we will therefore cite to the current statutes only. K.S.A. 44-1009(*c*)(3) makes it an unlawful practice to discriminate against anyone because of a physical handicap. The term "physical handicap" has been broadly defined by the legislature in K.S.A. 44-1002(*j*) to mean:

"[T]he physical condition of a person, whether congenital or acquired by accident, injury or disease *which constitutes a substantial disability,* but is unrelated to such person's ability to engage in a particular job or occupation." (Emphasis supplied.)

The legislature has not further defined what constitutes a physical handicap, and the Kansas Commission on Civil Rights (KCCR) has issued no regulations on this point.

The trial court found that Palmer was not a handicapped person within the meaning of 44-1009(c)(3) in that he had no substantial disability, and that in any event the school district did not "discriminate" against Palmer because it had a reasonable basis to believe if he had a physical handicap his condition was sufficiently job related to disqualify him for the particular job for which he applied.

The salient facts are that Palmer applied to the school district for a position as custodian and was hired subject to his successfully passing a physical examination, which examination was performed by a Dr. Low. The school district rotates such examinations based on a list furnished by the Sedgwick County Medical Society of physicians who are willing to perform the examinations. Dr. Low learned from Palmer that he had been treated by a Dr. Hugo Weber for hematuria (blood in the urine). Hematuria is a symptom, not a disease, and no disease has ever been diagnosed or a medical reason given for blood in the urine. Dr. Low contacted Dr. Weber by letter, requesting information concerning Palmer's medical history and work restrictions. Based on the written report given by Dr. Weber (that Palmer should not engage in heavy lifting, stooping or straining), Dr. Low recommended that Palmer not be hired. Palmer, upon learning he had not been recommended for employment, contacted Dr. Weber (Palmer was aware he would not be hired because of the results of his physical examination). Dr. Weber wrote a letter to the school district stating he believed that Palmer was able to perform the physical tasks involved in the custodial position. Dr. Low did not change his position that Palmer should not be hired. Palmer then filed a complaint with the KCCR. It ruled that Palmer was a physically handicapped individual whose handicap was unrelated to the position sought and awarded damages. The school district appealed to the district court and prevailed. Palmer and the KCCR appeal, raising a number of issues.

## MOTION TO DISMISS

Palmer's and the KCCR's motion to the district court to dismiss because the school district did not comply with statutory procedural requirements in appealing the KCCR decision is without

merit. The notice of appeal was timely filed by the school district, and there is no contention by appellants that they were misled by the format of the appeal. The trial court properly refused to dismiss the appeal. *Alliance Mutual Casualty Co. v. Boston Insurance Co.,* 196 Kan. 323, 326-27, 411 P.2d 616 (1966).

## TESTIMONY OF DR. RHODES

Palmer and the KCCR contend that the trial court erred in admitting the deposition testimony of a Dr. Rhodes, whose testimony was not offered in the administrative hearing before the KCCR. K.S.A. 44-1011 states that "[t]he court may, in its discretion, permit any party or the commission to submit additional evidence on any issue." In order for error to be found, the judge must abuse that discretion. An abuse of discretion exists when it appears no reasonable person would have taken the action taken by the court. *McColm v. Stegman,* 3 Kan. App. 2d 416, Syl. ¶ 2, 596 P.2d 167 (1979). It is our opinion, however, that the testimony was properly admitted. See *Chandler v. Neosho Memorial Hospital,* 223 Kan. 1, 5, 574 P.2d 136 (1977). Even if we were to find an abuse of discretion in the admission of the evidence, any error was harmless. *State v. McCorgary,* 224 Kan. 677, 686, 585 P.2d 1024 (1978). The appellants concede that Dr. Rhodes' testimony is of more benefit to complainant than to respondent, and we agree.

## DISCRIMINATION

Appellants contend Palmer was a physically handicapped person within the meaning of K.S.A. 44-1002(*j*), and that his handicap was not related to his ability to do the job. The school district takes the position that the legislature requires a party who is claiming discrimination due to a handicap to first prove the existence of a physical condition or disease that amounts to a substantial disability, and there is no evidence in the record from which a finding could be made that Palmer has a substantial disability. In this case, Palmer, Dr. Low and Dr. Weber all testified they did not consider Palmer to be physically handicapped.

We have examined the authorities cited by these litigants and find them to be divided on the question of physical handicap. Most of the cases cited to us have more precise statutory definitions or administrative regulations which were considered by the

courts to guide them as to legislative intent. Even if we were to give the broad interpretation to substantial disability requested by Palmer and the KCCR, we are of the opinion they could not prevail, because the trial court found, and we agree with its finding, that the school district successfully met its burden of proving it had a legitimate, nondiscriminatory reason for not hiring Palmer. See *Kimmel v. Crowley Maritime Corp.,* 23 Wash. App. 78, 596 P.2d 1069 (1979). The school district, in good faith, hired an independent contractor to determine Palmer's physical fitness to do the job sought. Based on the medical information the school district had before it when it made its decision not to hire Palmer, it acted in accord with an opinion reasonably arrived at that Palmer's physical condition was job related and precluded his performing the job duties. Thus, Palmer could not have a "physical handicap," because that term by its statutory definition requires disability not related to work. No contention is made that the school district acted in bad faith. The school district refused to employ Palmer as the result of independent medical advice given to it that Palmer should not be hired because of an existing medical problem that was job related. We do not glean from the statutes in question that it was the intent of the legislature to give a cause of action to any person who is refused employment as the result of independent medical advice given to a prospective employer. Having so concluded, the remainder of the issues raised by the appellants are moot.

Affirmed.