(646 P.2d 1155)
No. 53,537

WILLIAM LEGG, *Appellee,* v. TOPEKA HALFWAY HOUSE, INC., *Appellant.*

Petition for review denied July 15, 1982.

Opinion filed June 17, 1982.

*John R. Mettner, Jr.,* of Topeka, for the appellant.

*Arthur W. Solis,* of Topeka, for the appellee.

Before FOTH, C.J., REES and SPENCER, JJ.

SPENCER, J.: Topeka Halfway House, Inc., respondent in an employee discrimination suit filed with the Kansas Commission on Civil Rights (KCCR), appeals the district court's dismissal of its appeal for lack of jurisdiction.

Complainant William Legg filed this complaint charging a violation of K.S.A. 44-1009($a$)(1) in that he was terminated from employment with Topeka Halfway House, Inc., because of his race. The KCCR examiner found respondent had discriminated against complainant and awarded lost wages and damages for humiliation. Respondent's application for review by the KCCR was denied. Respondent timely filed notice of appeal with the district court, but addressed the notice to the KCCR staff attorney rather than mailing it to complainant's last known address as provided in K.S.A. 44-1011. After a pretrial conference at which this defect was not mentioned, complainant filed a motion to dismiss the appeal for failure to comply with 44-1011, which motion was granted.

The sole issue on appeal is whether respondent properly perfected its appeal to the district court. There is no question that respondent applied for and was denied rehearing as required by K.S.A. 44-1011. Further, there is no question concerning the timeliness of respondent's filing of notice of appeal with the district court. The question is whether respondent's serving no-

tice of appeal on the KCCR attorney who prosecuted the complaint before the Commission, rather than mailing a copy thereof to the complainant's last known address as provided in K.S.A. 44-1011, deprived the district court of subject matter jurisdiction of the appeal. Because the issue of subject matter jurisdiction may be raised at any time (K.S.A. 60-212[h][3]), the question was not foreclosed in this case by failure to raise it at the pretrial conference.

Kansas courts have only such appellate jurisdiction as is conferred by statute and, in the absence of compliance with the statutory rules, the appeal should generally be dismissed. See *Brown v. Brown,* 218 Kan. 34, 542 P.2d 332 (1975). For example, an untimely filing of notice of appeal is fatal (*Brown,* 218 Kan. at 37-38), and filing notice of appeal in the wrong forum is fatal (*City of Bonner Springs v. Clark,* 3 Kan. App. 2d 8, 588 P.2d 477 [1978]), but not all statutory requirements for an appeal are jurisdictional. Under Kansas practice, although timely filing of notice of appeal is jurisdictional (*Everett v. Blue Cross-Blue Shield Ass'n,* 225 Kan. 63, 587 P.2d 873 [1978]), failure to strictly comply with other prerequisites for appeal, such as timely payment of the docket fee (*Avco Financial Services v. Caldwell,* 219 Kan. 59, 547 P.2d 756 [1976]), timely designation of the record (*Kleibrink v. Missouri-Kansas-Texas Railroad Co.,* 224 Kan. 437, 581 P.2d 372 [1978]), certification by a municipal court of the complaint, warrant and appearance bond to the district court on appeal (*City of Garnett v. Zwiener,* 229 Kan. 507, 625 P.2d 491 [1981]), and timely filing of an appeal bond (*In re Estate of Duncan,* 7 Kan. App. 2d 196, 638 P.2d 992, *rev. denied* March 3, 1982), are not jurisdictional where no prejudice results. See *In re Lakeview Gardens, Inc.,* 227 Kan. 161, 605 P.2d 576 (1980).

The Supreme Court has distinguished KCCR appeals pursuant to K.S.A. 44-1011 from the more general administrative appeals allowed by K.S.A. 60-2103, and K.S.A. 44-1011 controls this case. See *Everett v. Blue Cross-Blue Shield Ass'n,* 225 Kan. 63. K.S.A. 44-1011 states in part:

"The attorney general, county attorney or any person aggrieved by an order made by the commission may obtain judicial review thereof in the said court by filing with the clerk of said court within thirty (30) days from the date of service of the order, a written appeal praying that such order be modified or set aside. The appeal shall certify that notice in writing of the appeal, with a copy of the appeal, has been given to all parties who appeared before the commission at their last

known address, and to the commission by service at the office of the commission at Topeka. The evidence presented to the commission, together with its findings and the order issued thereon, shall be certified by the commission to said district court as its return. No order of the commission shall be superseded or stayed during the proceeding on the appeal unless the district court shall so direct."

It is clear that, by mailing notice of appeal to the KCCR staff attorney and not to complainant's last known address, respondent technically failed to comply with the statute. But this court recently ruled failure to strictly comply with 44-1011 does not always defeat appellate jurisdiction.

In *U.S.D. No. 259 v. Kansas Comm'n on Civil Rights,* 7 Kan. App. 2d 319, 320-21, 640 P.2d 1291, *rev. denied* April 14, 1982, this court stated:

"Palmer's and the KCCR's motion to the district court to dismiss because the school district did not comply with statutory procedural requirements in appealing the KCCR decision is without merit. The notice of appeal was timely filed by the school district, and there is no contention by appellants that they were misled by the format of the appeal. The trial court properly refused to dismiss the appeal."

In this case, the district court did not have the benefit of our recent opinion in *U.S.D. No. 259* when making the ruling on complainant's motion to dismiss. Nevertheless, because the notice of appeal was timely filed and complainant has at no time shown prejudice by virtue of service on the KCCR staff attorney, we hold this technical noncompliance with K.S.A. 44-1011 did not defeat subject matter jurisdiction over the appeal.

The judgment of the district court is reversed and the cause is remanded for hearing pursuant to K.S.A. 44-1011.