No. 93,113

In the Matter of the Condemnation of Land for State Highway Purposes, Deb Miller, Secretary of Kansas Department of Transportation, *Appellant*, v. Stranger Valley Land Company, L.L.C., *et al.*, *Appellee*.

(123 P.3d 731)

Opinion filed December 9, 2005.

*Oswald S. Dwyer*, staff attorney, Kansas Department of Transportation, argued the cause, and *Sally A. Howard*, chief counsel, was with him on the brief for appellant.

*Jerry E. Driscoll*, of Driscoll Law Office, of Russell, argued the cause and was on the brief for appellee.

*Terrence J. Campbell, Jane M. Eldredge*, and *Terence E. Leibold*, of Barber Emerson, L.C., of Lawrence, were on the brief for *amicus curiae* Westgate, L.C.

The opinion was delivered by

LUCKERT, J.: This is an interlocutory appeal in an eminent domain proceeding. The primary issue on appeal is whether the district court acquired subject matter jurisdiction over Stranger Valley Land Company, L.L.C.'s (Stranger Valley) appeal from the appraisers' award when it timely filed the notice of appeal but did not comply with the provisions of K.S.A. 2004 Supp. 26-508 requiring the payment of a docket fee and the docketing of the appeal as a new civil action. We hold that the language of K.S.A. 2004 Supp. 26-508, specifying that a party may appeal within 30 days of the appraisers' award "by filing a written notice of appeal with the clerk of the district court and paying the docket fee of a new court action," makes the timely filing of the notice of appeal and payment

of the docket fee jurisdictional requirements. The manner in which the case is docketed, however, is not jurisdictional.

The underlying facts are not disputed. On January 16, 2004, the Kansas Department of Transportation (KDOT) filed an eminent domain proceeding in Russell County District Court seeking to acquire real property owned by Stranger Valley for highway purposes. The district court approved the petition and appointed three appraisers. On April 16, 2004, the appraisers filed their report fixing the amount of compensation due Stranger Valley. KDOT deposited the stated compensation with the clerk of the district court.

On May 14, 2004, Stranger Valley filed a notice of appeal with the district court. The notice of appeal carried the same caption and case number as the original eminent domain action filed by KDOT. Stranger Valley did not pay a docket fee when it filed the notice of appeal.

KDOT filed a motion to strike Stranger Valley's notice of appeal arguing that Stranger Valley failed to perfect its appeal in accordance with K.S.A. 2004 Supp. 26-508 because it had not docketed the appeal as a new civil action or paid the required docket fee. KDOT also argued that the district court lacked jurisdiction to extend the time for properly perfecting the appeal.

After a hearing, the district court ruled in favor of KDOT. Stranger Valley filed a motion asking the district court to reconsider its decision. The district court granted the motion and found the payment of the docket fee was not jurisdictional. The district court also certified its ruling for interlocutory appeal pursuant to K.S.A. 60-2102(b); see K.S.A. 2004 Supp. 60-2102(c).

The case was transferred to this court on this court's own motion pursuant to K.S.A. 20-3018(c), and this court granted KDOT's application for interlocutory appeal.

## Analysis

Procedures for eminent domain proceedings, K.S.A. 26-501 *et seq.*, are controlled by statute. See K.S.A. 26-501(a) ("The procedure for exercising eminent domain as set forth in K.S.A. 26-501 to 26-516, inclusive, shall be followed in all proceedings.") K.S.A.

2004 Supp. 26-508 provides for an appeal from the appraisers' award and specifies the procedures to be followed.

As such, K.S.A. 2004 Supp. 26-508 governs the district court's jurisdiction of such an appeal because Kansas courts have "only such appellate jurisdiction as is conferred by statute, pursuant to Article 3, Section 3, of the Kansas Constitution, and in the absence of compliance with the statutory rules, [a] court has the duty to dismiss the appeal." *Brown v. Brown*, 218 Kan. 34, 38, 542 P.2d 332 (1975). However, "[s]tatutory requirements for an appeal are not always jurisdictional." *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 437, 855 P.2d 956 (1993). Therefore, we must interpret K.S.A. 2004 Supp. 26-508 to determine what is required to perfect an appeal, *i.e.*, which procedural steps are jurisdictional and which are not.

Interpretation of a statutory provision is a question of law subject to unlimited review. *State, ex rel. Slusher v. City of Leavenworth*, 279 Kan. 789, Syl. ¶ 2, 112 P.3d 131 (2005); see *City of Wichita*, 253 Kan. at 436. Our standards for statutory interpretation are well established:

"'The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if the intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.' [Citation omitted.]" *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005).

In this case, KDOT argues that K.S.A. 2004 Supp. 26-508 is plain and unambiguous in stating that the requirements to perfect an appeal are: (1) the filing of a notice of appeal within 30 days of the appraisers' award; (2) the payment of the docket fee for a new civil action; and (3) the docketing of the case as a new civil action. Stranger Valley and the *amicus curiae* argue that the only requirement is that the notice of appeal be filed within 30 days.

K.S.A. 2004 Supp. 26-508 provides:

"If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, such party, within 30 days after the filing of the appraisers' report, may appeal from the award *by filing a written notice of appeal with the clerk of the district*

*court and paying the docket fee of a new court action.* In the event the parties shall perfect an appeal, copies of such notice of appeal shall be mailed to all parties affected by such appeal, within three days after the date of the perfection thereof. An appeal by the plaintiff or any defendant shall bring the issue of damages to all interests in the tract before the court for trial *de novo. The appeal shall be docketed as a new civil action and tried as any other civil action.* The only issue to be determined therein shall be the compensation required by K.S.A. 26-513, and amendments thereto." (Emphasis added.)

The statute was amended in 2003 to add the phrase "and paying the docket fee of a new court action" and to add the word "new" to the phrase "shall be docketed as a new civil action." L. 2003, ch. 106, sec. 2. The question of whether these new requirements are jurisdictional has not been previously decided.

However, we do have guidance from an earlier decision, *City of Wichita*, 253 Kan. 434, which concerned whether the district court acquired jurisdiction of an appeal from the appraisers' award where the notice of appeal was timely filed and served on the condemner but copies of the notice of appeal were not served on all other interested parties as required by K.S.A. 26-508.

The version of K.S.A. 26-508 then in effect provided:

" 'If the plaintiff, or any defendant, is dissatisfied with the award of the appraiser, he may, within thirty (30) days after the filing of the appraisers' report, appeal from the award by filing a written notice of appeal with the clerk of the district court. *In the event any parties shall perfect an appeal, copies of such notice of appeal shall be mailed to all parties affected by such appeal, within three (3) days after the date of the perfection thereof.' "* (Emphasis added.) 253 Kan. at 435.

The landowner argued that the first sentence of K.S.A. 26-508 set forth what a party must do to perfect an appeal, while the second sentence of the statute formed a requirement to be met only after an appeal has been perfected; therefore, the requirement of mailing copies of the notice of appeal was not jurisdictional. This court agreed, holding: "[P]ursuant to the unambiguous language of K.S.A. 26-508, mailing copies of the notice of appeal is not needed to perfect an appeal from the appraisers' award in an eminent domain case and therefore is not jurisdictional to such an appeal." 253 Kan. at 437.

Applying the same reasoning to the instant case, the requirement that an appeal from the appraisers' award be docketed as a new civil action is not necessary to perfect an appeal and therefore is not jurisdictional. The docketing requirement appears in the fourth sentence of the statute and is removed from the first sentence. Furthermore, that requirement follows the second sentence which begins with the phrase "[i]n the event the parties shall perfect an appeal," and thereby indicates all remaining provisions relate to procedures after an appeal is perfected. By contrast, the requirement that an appealing party pay the docketing fee appears in the first sentence with the requirement that a notice of appeal be filed within 30 days, a requirement which is necessary to perfect an appeal. See *Brown*, 218 Kan. at 37-38. The plain and unambiguous language of the first sentence of the statute requires two things to perfect an appeal: The filing of a notice of appeal within 30 days and the payment of the docket fee. Furthermore, these requirements precede the phrase "[i]n the event the parties shall perfect an appeal," which would indicate any previously stated requirement is jurisdictional.

Despite this clear language, Stranger Valley seeks a determination that appellate jurisdiction is never dependent upon the payment of docket fees; rather, such payment is a nonjurisdictional technicality. In support of its arguments, Stranger Valley discusses two cases: *Legg v. Topeka Halfway House, Inc.*, 7 Kan. App. 2d 669, 646 P.2d 1155, *rev. denied* 231 Kan. 800 (1982), and *Avco Financial Services v. Caldwell*, 219 Kan. 59, 547 P.2d 756 (1976), both of which held that subject matter jurisdiction was not defeated by technical noncompliance with procedures for bringing an appeal. However, the statutes at issue in those cases are distinguishable from K.S.A. 2004 Supp. 26-508.

In *Legg*, a complainant sued his employer claiming race discrimination. The examiner for the Kansas Commission on Civil Rights (KCCR) found that the employer had discriminated and awarded lost wages and damages to the complainant. The employer filed a timely notice of appeal with the district court but improperly served the notice of appeal on the KCCR staff attorney who had

prosecuted the complaint rather than on the complainant at his last known address as required by K.S.A. 44-1011 (Ensley 1981).

The *Legg* court concluded that "because the notice of appeal was timely filed and complainant has at no time shown prejudice by virtue of service on the KCCR staff attorney, we hold this technical noncompliance with K.S.A. 44-1011, did not defeat subject matter jurisdiction over the appeal." 7 Kan. App. 2d at 671. In essence, the court ruled that the only requirement to perfect an appeal under K.S.A. 44-1011 was the timely filing of the notice of appeal. The statute provided that judicial review could be obtained "by filing with the clerk of said court within thirty (30) days from the date of service of the order, a written appeal praying that such order be modified or set aside." The next sentence required service on all parties. Thus, service was a technical adjunct to the filing of the notice of appeal. In contrast, K.S.A. 2004 Supp. 26-508 specifies that the appeal may be taken "by filing a written notice of appeal with the clerk of the district court and paying the docket fee of a new court action." Thus, it imposes two requirements for perfecting an appeal: (1) the timely filing of the notice and (2) the payment of the docket fee.

The distinction in statutory language is further illustrated by comparing K.S.A. 2004 Supp. 26-508 to the statutes at issue in the cases relied upon by the Court of Appeals in *Legg* when it drew a distinction between statutory appeal requirements which are jurisdictional and those which are not. Summarizing those cases, the Court of Appeals stated:

"Under Kansas practice, although timely filing of notice of appeal is jurisdictional (*Everett v. Blue Cross-Blue Shield Ass'n*, 225 Kan. 63, 587 P.2d 873 [1978]), failure to strictly comply with other prerequisites for appeal, such as timely payment of the docket fee (*Avco Financial Services v. Caldwell*, 219 Kan. 59, 547 P.2d 756 [1976]), timely designation of the record (*Kleibrink v. Missouri-Kansas-Texas Railroad Co.*, 224 Kan. 437, 581 P.2d 372 [1978]), certification by a municipal court of the complaint, warrant and appearance bond to the district court on appeal (*City of Garnett v. Zwiener*, 229 Kan. 507, 625 P.2d 491 [1981]), and timely filing of an appeal bond (*In re Estate of Duncan*, 7 Kan. App. 2d 196, 638 P.2d 992, *rev. denied* [231 Kan. 800 (1982)]), are not jurisdictional where no prejudice results." *Legg*, 7 Kan. App. 2d at 670.

Each of the statutes at issue in the cases which the Court of Appeals cited as involving nonjurisdictional requirements — *Kleibrink, Zwiener, In re Duncan,* and *Avco* — are distinguishable. In *Kleibrink,* the concern was the failure to timely designate a record. The court noted that a court rule allowed for extensions of time when an appellant was docketing an appeal — as opposed to filing the notice of appeal — and the additional time had been allowed by the district court. As a result, the standard was whether the district court abused its discretion in granting the appellant additional time to designate the record on appeal. Thus, the failure to timely designate the record was not jurisdictional. 224 Kan. at 439-40.

*Zwiener* interpreted K.S.A. 1980 Supp. 22-3609, which in subpart (2) stated that an appeal from municipal court could "be taken by filing a notice of appeal in the court where the judgment was rendered." The appeal complied with this provision. Subpart (3) of that statute required the court from which the appeal was being taken to certify the complaint, warrant, and appearance bond. The lower court did not certify the record. Clearly, the statute contemplated this action would be a ministerial act of a judge or clerk occurring after the appeal was filed and after "the appellant has complied with the part of the appeal statute which requires him to take action." 229 Kan. at 509. Noting these factors, the court held the lack of certified record was not jurisdictional. 229 Kan. at 510. By analogy, the provision of K.S.A. 2004 Supp. 26-508 requiring the case be docketed as a new civil action, a ministerial act performed by the clerk, would not be jurisdictional. However, the payment of the docket fee stated in the initial provision would be and is jurisdictional.

A third case cited in *Legg, In re Duncan,* involved K.S.A. 1980 Supp. 59-2401, which in subpart (a) required an appeal to be filed within 30 days of the entry of an appealable order, judgment, decree, or decision in a case filed under the probate code. A different subpart of the statute required a bond. K.S.A. 1980 Supp. 59-2401(b). The court held that the only provision which was jurisdictional was contained in subpart (a) and the out-of-time filing of an appeal bond did not defeat appellate jurisdiction. 7 Kan. App.

2d at 198-99. Again, however, the filing of the bond was in a different provision from that establishing jurisdiction.

*Avco*, the other case cited in *Legg*, is also cited by and relied upon by Stranger Valley and the *amicus* and is the only cited case dealing with the issue of whether payment of a docket fee is jurisdictional. In *Avco*, a magistrate court entered summary judgment in favor of the plaintiff and the defendants appealed to the district court. The defendants filed a timely notice of appeal in the magistrate court but failed to pay the fee required to docket the case in the district court until several months later. The statute governing appeals from magistrate courts required two things to perfect an appeal: timely filing of a notice of appeal and "such security for costs as may be required." K.S.A. 1974 Supp. 61-2102. Another statute provided that once the appeal was perfected, the magistrate judge or clerk was to prepare a complete transcript of the proceedings and transmit them along with all papers in the case to the clerk of the district court who should then docket the appeal. K.S.A. 1974 Supp. 61-2103. A third statute provided no case could be docketed in the district court without payment of a $35 docket fee. K.S.A. 1974 Supp. 60-2001(a).

Because the magistrate court had not required any security for costs pursuant to K.S.A. 1974 Supp. 61-2102, the only issue was whether, payment of the $35 docket fee under K.S.A. 1974 Supp. 60-2001(a) was necessary to perfect the appeal. The *Avco* court held it was not. The court concluded that K.S.A. 1974 Supp. 60-2001, which required the payment of the docket fee: "is not concerned with perfecting an appeal. Here the appeal was perfected when the notice of appeal was filed in the magistrate court . . . although the case was not docketed in the district court until [several months later]." 219 Kan. at 61. The court noted that no statute specified when the docket fee was to be paid and that

"[t]he time within which a docket fee is paid is secondary to actual payment [citation omitted] as we construe the conflicting statutes here in question. Since payment of the docket fee affects only the clerk of the district court, and an adverse party is not affected by the time of the payment of the docket fee, it should not be regarded as jurisdictional. [Citation omitted.]" 219 Kan. at 62-63.

While *Avco* held that the payment of a docket fee was not jurisdictional under the facts of that case, the statutes at issue there were very different from K.S.A. 2004 Supp. 26-508. In *Avco*, the requirement for the payment of a docket fee appeared in an entirely different statute from the one governing perfection of an appeal. In this case, the two requirements for perfecting an appeal in an eminent domain proceeding pursuant to K.S.A. 2004 Supp. 26-508 — the timely filing of a notice of appeal and the payment of the docket fee — are both contained not only in the same statute but in the same sentence. Further, the phrase imposing the 30-day time limitation applies to both requirements.

Stranger Valley points out that, similar to the facts of *Legg* and *Avco*, the district court in this case found there was no prejudice to KDOT in allowing the appeal to proceed. Nonetheless, because the payment of the docket fee is a jurisdictional requirement to perfect the appeal, whether KDOT would suffer prejudice by allowing the appeal to go forward is irrelevant.

Stranger Valley also argues that it is the function of the clerk of the district court to assign a new civil case number to an eminent domain appeal and to collect the docketing fee. According to Stranger Valley, if the clerk had refused to docket the appeal until the docketing fee was paid, the fee would have been paid. Essentially, Stranger Valley is asking that the clerk be responsible for giving legal advice to counsel, which is not the clerk's role. As noted by the district court in rejecting this argument: "[T]he Clerk of the Court has no obligation or responsibility to inform the attorney they must pay the docket fee or that the docket fee could be paid at a later date."

The *amicus*, Westgate, makes a few additional arguments. First, the *amicus* contends that it would be absurd to dismiss an appeal merely because of a typographical error regarding the case number; that docketing is a function of the clerk of the court, not the parties; that the statute does not require that the notice of appeal be docketed as a new civil action, but only that the appeal itself be so docketed after the notice of appeal is filed in the existing administrative case; and that this provision sets up a procedure different from other appeals.

No doubt these arguments are technically correct. However, in making these arguments, the *amicus* focuses on KDOT's contention that docketing an appeal in an eminent domain case as a new civil action is a jurisdictional requirement of K.S.A. 2004 Supp. 26-508. As discussed above, the actual docketing of the appeal as a new civil action is not a jurisdictional requirement; only the payment of the docketing fee is jurisdictional. Further, many of the arguments of the *amicus* and Stranger Valley relate to policy concerns or second-guess whether the legislature really meant to require the payment of the docket fee in order to perfect an appeal. However, our role is not to determine whether sound policy dictates requiring a filing fee to perfect an appeal. Further, we must presume the legislature meant what it plainly stated and apply that unambiguous language and limit jurisdiction to appeals where those requirements are met.

Finally, the *amicus* contends that if the legislature intended to make the payment of the docketing fee a jurisdictional requirement for an appeal, it would have expressly stated that in plain language. The *amicus* again cites *Avco* and also cites cases from other jurisdictions where legislatures did just that, *i.e.*, the statutes or rules at issue expressly provided that the payment of a docket fee was "jurisdictional" or necessary for "perfection" of an appeal by using those exact words.

However, the lack of the exact wording the *amicus* would like to see is not significant because the language of K.S.A. 2004 Supp. 26-508 is clear and unambiguous as written. If the legislature had intended that the payment of docket fee was not to be jurisdictional, it could easily have amended K.S.A. 2004 Supp. 26-508 by including the requirement of the payment of the docket fee in the same sentence (the fourth sentence) as the requirement that the appeal be docketed as a new civil action. Instead, it chose to include the requirement of the payment of the docket fee in the same sentence (the first sentence) as the requirement that the notice of appeal be filed within 30 days after the filing of the appraisers' report, a requirement that is clearly jurisdictional. The plain and unambiguous language of the first sentence of the statute requires two things to perfect an appeal: the filing of a notice of appeal

within 30 days and the payment of the docket fee. Therefore, the requirement of the payment of the docket fee is jurisdictional.

Furthermore, as KDOT argues in a secondary issue, the appeal in this case should have been dismissed. See *Brown,* 218 Kan. at 38. The district court correctly concluded it was without jurisdiction to enlarge the time for filing a notice of appeal in an eminent domain proceeding pursuant to K.S.A. 2004 Supp. 60-206(b) or to permit a filing out of time for excusable neglect as provided by K.S.A. 60-260(b). See *City of Kansas City v. Crestmore Downs, Inc.,* 7 Kan. App. 2d 515, Syl., 644 P.2d 494, *rev. denied* 231 Kan. 799 (1982).

Reversed and remanded to the district court with directions to dismiss Stranger Valley's appeal from the appraisers' award in the underlying condemnation action.

LOCKETT, J., Retired, assigned.▊

DAVIS, J., concurring: I join in the opinion of the court to affirm the district court's dismissal of Stranger Valley Land Company, L.L.C.'s attempted appeal from the appraisers' award in this eminent domain case based upon Stranger Valley's failure to timely pay the docket fee with its written notice of appeal. The statutory language leaves no room for doubt that a party may appeal within 30 days of the appraisers' award *"by filing a written notice of appeal with the clerk of the district court and paying the docket fee of a new court action."* (Emphasis added.) K.S.A. 2004 Supp. 26-508.

However, since the enactment of the eminent domain statutes into law, K.S.A. 26-101 *et seq.,* to the recent legislative amendment of K.S.A. 2004 Supp. 26-508, appeals from the appraisers' award to the district court have been perfected by the filing of a notice of appeal. A review of the legislative history concerning the amendment provides no rationale for the change. As indicated in *Avco Financial Services v. Caldwell,* 219 Kan. 59, 547 P.2d 756 (1976), a case relied on by Stranger Valley, Justice Schroeder, writing for

the court and interpreting statutes which were not entirely clear and in conflict but which seemed to require in an appeal to the district court from the magistrate court the payment of a docketing fee, stated:

"Since payment of the docket fee affects only the clerk of the district court, and an adverse party is not affected by the time of the payment of the docket fee, it should not be regarded as jurisdictional. [Citations omitted.]
. . . .
"While [the] statutes in dispute are conflicting, the appellee has failed to show prejudice by the appellants' failure to pay the $35 docket fee on September 12, 1974, when the papers from the magistrate court were filed in the district court. [Citation omitted.] Since the delayed payment of the docket fee affects only the public official that is benefitted by the payment, and in no way prejudices the appellee, we hold the appeal was properly perfected on September 3, 1974, when the notice of appeal was filed." 219 Kan. at 62-63.

In this case, there is no conflict in the statutes and the plain language of the legislature is clear in its requirement that the docketing fee be paid at the time a notice of appeal is filed. However, the law favors resolution of cases on their merits. Here, the dispute was resolved upon the failure of Stranger Valley to pay a docketing fee. While the language of the statute compels a ruling of dismissal on jurisdictional grounds, the placement of the docketing fee requirement in the first sentence of K.S.A. 2004 Supp. 26-508 thereby making the payment of the docketing fee jurisdictional may have been unintended. I therefore concur in the court's opinion.