CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

Nos. 114,464
115,055

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GOLD MINE INVESTMENTS, INC.,
*Appellant*,

v.

GIRARD NATIONAL BANK, Operating as
HIAWATHA NATIONAL BANK,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed March 31, 2017.
Affirmed.

*Gregory V. Blume*, of Overland Park, for appellant.

*Ann L. Hoover*, of Topeka, and *Kevin M. Hill*, of Hiawatha, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*: Gold Mine Investments, Inc. (GMI) appeals the district court's decision granting summary judgment to Girard National Bank, operating as Hiawatha National Bank (the Bank). GMI raises the following six issues: (1) The district court lacked jurisdiction to consider the Bank's motion for summary judgment on GMI's petition for damages; (2) the district court erred when it held a hearing on the record on GMI's motion for a change of judge; (3) the district court erred in setting the appeal bond amount; (4) the district court erred in granting the Bank's summary judgment motions; (5)

1

the district court erred in awarding the Bank its attorney fees; and (6) the district court erred when it confirmed the sheriff's sale. We have carefully reviewed all of the issues raised on appeal and find the district court did not err; therefore, we affirm.

FACTS

GMI developed a banking relationship with the Bank in 2004 that included a checking account and multiple loans. In 2007, GMI entered into promissory note No. -2752 with the Bank in the principal amount of $40,000. The promissory note was secured by a real estate mortgage and contained acceleration and right-of-offset clauses. GMI later entered into promissory note No. -2757 with the Bank in the principal amount of $190,842.85. The promissory note was payable in full upon demand, secured by real estate mortgages, and contained a right-of-offset clause.

On October 9, 2013, GMI deposited $197,000—insurance proceeds received in settlement of a claim involving damage to one of its properties—into its checking account.

On November 15, 2013, the Bank emailed GMI requesting it pay the past due and current real estate taxes on properties subject to the Bank's mortgages. On November 19, 2013, the Bank notified GMI by letter that a $50,000 hold on GMI's checking account had been imposed to pay the estimated real estate taxes on properties subject to the Bank's mortgages. At a meeting held on December 5, 2013, the Bank told GMI the outstanding real estate taxes needed to be paid immediately.

On December 10, 2013, GMI deposited check No. 353 into an account at Exchange National Bank in Atchison, Kansas, in the amount of $140,000 drawn on its checking account with the Bank. The hold left the account with an approximate balance of $100,000 available to GMI. On December 12, Exchange National Bank presented

2

check No. 353 to the Bank for payment. Also on December 12, 2013, GMI wrote check No. 355 to in the amount of $400.

The Bank deemed itself insecure because it believed the collateral, prospect of payment, and performance on GMI's loans was impaired. It demanded payment of the loans. The Bank notified GMI it had deemed itself insecure and was exercising the right of setoff as provided in the notes. The documents were hand-delivered to GMI on December 13, 2013.

On December 13, 2013, the Bank returned check No. 353 for uncollected funds. It returned check No. 355 for uncollected funds on December 16, 2013. Both checks were presented again and were again returned for uncollected funds.

The Bank used the set-off funds to pay $32,779.15 in real estate taxes, paid the balance of promissory note No. -2752, and applied the remaining funds to promissory note No. -2757. This left a substantial balance owed to the bank on note No. -2757.

GMI filed suit against the Bank and amended its petition claiming wrongful dishonor and breach of contract. The Bank answered and counterclaimed alleging GMI was in default and the mortgaged properties should be foreclosed.

Following discovery, the Bank filed a motion for summary judgment on GMI's claims. The filing fee for the motion for summary judgment was not paid by the Bank at the time it filed the motion. Later that afternoon, the Bank filed a motion for summary judgment on its counterclaim and paid the filing fee. GMI responded to both motions for summary judgment. Without hearing argument, the district court entered orders in the Bank's favor on both motions. The Bank filed its notice of fees, expenses, and costs to be included in the judgment. It was not itemized. GMI objected.

GMI filed a motion for change of judge. GMI's motion was set for hearing. The hearing was informal but was conducted on the record. The judge ultimately determined he would not recuse himself. The district court also required the Bank to submit an affidavit supporting its attorney fee request.

GMI appealed the orders granting the Bank summary judgment. GMI requested the district court to set an appeal bond. At the appeal bond hearing, GMI withdrew the motion for change of judge. The district court set the appeal bond at $150,000.

A panel of this court dismissed GMI's appeal as premature. A journal entry of judgment of foreclosure was subsequently filed by the district court. GMI timely filed its second notice of appeal. GMI did not post an appeal bond.

At the sheriff's sale on the foreclosed properties, a third party was the successful bidder at $.01 over the Bank's bid on one of the properties and the Bank purchased the rest of the properties. The Bank filed a motion to confirm the sheriff's sale contending the final total bid of $93,500.01 for all of the properties—one half the value estimated by the Bank's appraiser—was the fair value for the properties and the sale should be confirmed. The district court deemed $93,500.01 was not a fair value of the properties, but it would confirm the sheriff's sale if the Bank agreed to credit GMI the entire amount of the judgment, including all costs to date. The Bank agreed. The district court entered an order confirming the sheriff's sale, and GMI appealed.

GMI now appeals all adverse rulings by the district court and in the consolidated appeals raises six issues.

ANALYSIS

*The district court had jurisdiction.*

GMI argues the district court lacked jurisdiction to consider the Bank's motion for summary judgment on GMI's petition for damages. As a preliminary matter, the Bank argues GMI cannot challenge the district court's jurisdiction on appeal because it did not raise the issue before the district court. However, subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *Jahnke v. Blue Cross & Blue Shield*, 51 Kan. App. 2d 678, 686, 353 P.3d 455 (2015). Thus, whether the district court had jurisdiction to rule on the Bank's motion for summary judgment on GMI's claim for damages is properly before this court.

Whether subject matter jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). Further, since resolution of this issue involves statutory construction, this court has unlimited review. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015).

GMI contends the district court lacked jurisdiction because the Bank did not pay the filing fee mandated by K.S.A. 2014 Supp. 60-256(h). The Bank argues K.S.A. 2014 Supp. 60-256(h) mandates each party filing a motion for summary judgment pay a filing fee but does not require a filing fee for *each* motion for summary judgment.

Effective from July 1, 2014, until July 1, 2015, K.S.A. 2014 Supp. 60-256(h) stated, in relevant part: "*Fee for filing a motion for summary judgment.* (1) On and after July 1, 2014, any party filing a motion for summary judgment shall pay a fee in the amount of $195 to the clerk of the district court." (Emphasis added.)

5

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 304 Kan. at 409. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 304 Kan. at 409.

The Bank contends K.S.A. 2014 Supp. 60-256(h) merely required each party filing a motion for summary judgment pay $195 to the district court clerk, not $195 *per motion* for summary judgment. The language of the statute may support the Bank's argument. It states, in part: "[*A*]*ny party* filing a motion for summary judgment shall pay a filing fee." (Emphasis added.) K.S.A. 2014 Supp. 60-256(h)(1). Thus, the Bank would contend that since it is only one party, it need only pay one fee. On the other hand, the Kansas Supreme Court rule on point ties the filing fee to the motion, not the party. The court amended Kansas Supreme Court Rule 141—the Rule governing motions for summary judgment—following the statutory change. Effective February 9, 2015, Rule 141(a) states, in relevant part: "**Motion for Summary Judgment; Requirements.** *A motion for summary judgment must be accompanied by a filing fee* and a memorandum or brief." (Emphasis added.) (2017 Kan. S. Ct. R. 204). Thus, GMI would contend under the rule that a separate fee must be filed for each motion.

We need not decide whether the Bank had to pay a separate fee for each of its motions, however, because we conclude that even if that were the case, the failure to pay the fee does not present a jurisdictional bar to consideration of the motions. First, though

6

not determinative, see *In re Condemnation of Land*, 280 Kan. 576, 123 P.3d 731 (2005), nothing in the statute indicates the legislature intended K.S.A. 2014 Supp. 60-256(h)(1) be a jurisdictional requirement. Second, we find no caselaw strongly suggesting that payment of this fee is a jurisdictional requirement and some caselaw suggesting it is not.

GMI cites *In re Condemnation of Land* to support its argument K.S.A. 2014 Supp. 60-256(h)(1) is jurisdictional. In that case, the Kansas Supreme Court held that payment of the docketing fee to file an eminent domain appeal with the district court was jurisdictional because K.S.A. 2004 Supp. 26-508 provided a party "may appeal from the award by filing a written notice of appeal with the clerk of the district court and paying the docket fee of a new court action." 280 Kan. at 578-79, 585. The Bank correctly contends *In re Condemnation of Land* is distinguishable because it involved the failure to pay a docketing fee when docketing an appeal to the district court, and here, the district court already had jurisdiction over the case. Further, K.S.A. 2004 Supp. 26-508 indicated a party could appeal from an award "by filing a written notice of appeal with the clerk of the district court *and* paying the docket fee," (emphasis added) while K.S.A. 2014 Supp. 60-256(h)(1) indicates a filing fee "shall" be paid. As such, *In re Condemnation of Land* is distinguishable and has little persuasive value.

Similarly, GMI cites *Smith v. McKune*, 31 Kan. App. 2d 984, 76 P.3d 1060 (2003), to support its argument because Smith's K.S.A. 60-1507 motion was dismissed since he refused to pay the required $3 filing fee. However, as the Bank indicates, *Smith* only concerned whether imposing a docketing fee for indigent inmates violated their procedural due process and equal protection rights.

Further, in at least two cases, panels of this court have held an inmate's failure to pay a docketing fee at the time a K.S.A. 60-1507 motion is filed does not bar an otherwise timely habeas action (although, it should be noted, the inmates eventually paid the fees in both cases). See *Wilson v. State*, 40 Kan. App. 2d 170, 192 P.3d 1121 (2008);

7

*Peterson v. State*, No. 108,332, 2013 WL 3970189 (Kan. App. 2013) (unpublished opinion). Both *Wilson* and *Peterson* relied on *Avco Financial Services v. Caldwell*, 219 Kan. 59, 61-63, 547 P.2d 756 (1976), which held that the payment of a docketing fee was not jurisdictional since the fee only affected the clerk of the court and, therefore, an appeal to the district court was perfected when the notice of appeal was filed in magistrate court. (As in *Peterson* and *Wilson*, the appellant in *Avco* paid the docketing fee prior to any action being taken by the district court.)

In sum, K.S.A. 2014 Supp. 60-256(h)(1) does not expressly indicate paying the filing fee is jurisdictional, and *Avco*, *Wilson*, and *Peterson* stand for the proposition that payment of docketing fees is not a requirement to perfect an appeal. We conclude that even if the additional filing fee should have been paid by the Bank, the failure to pay the fee did not cause the district court to lose jurisdiction to hear and decide the motion for summary judgment.

*GMI withdrew its motion for change of judge.*

GMI argues the district court erred when it held a hearing on GMI's motion for a change of judge on the record. GMI argues it should have been off the record and informally considered. GMI also argues the district court "refused to allow GMI the opportunity to speak" at the hearing. The Bank contends GMI waived any objection to the district court's ruling on the motion for change of judge when it withdrew the motion at a later hearing.

Here, it matters not what the district court did since GMI withdrew its motion for change of judge. Its argument is meritless.

8

*The setting of the supersedeas bond is moot.*

GMI argues the district court erred when it set the appeal bond at $150,000. Specifically, GMI argues the district court erroneously considered the case's "highly caustic and contentious" litigation when setting the supersedeas bond amount. The Bank argues the district court properly set the supersedeas bond amount pursuant to K.S.A. 2015 Supp. 60-2103(d).

Nothing in the record, including the register of actions, indicates GMI paid the $150,000 appeal bond ordered by the district court. We note that a panel of this court addressed this issue, concluding that a challenge to the appeal bond was moot if the bond had not been posted:

> "Even if the district court erred in setting the amount of the [supersedeas] bond, we have no means of providing any relief to parties who never paid the bond. See *Resolution Oversight Corp. v. Kansas Health Care Stabilization Fund,* 38 Kan. App. 2d 899, Syl. ¶ 10, 175 P.3d 268, *rev. denied* 286 Kan. 1179 (2008) ( 'An appellate court lacks statutory or constitutional authority to render advisory opinions in cases found to be moot. A case is moot when no further controversy exists between the parties and where any judgment of the court would be without effect.')." *Burrows v. Bowdre*, No. 102,828, 2010 WL 3324676, at *7 (Kan. App. 2010) (unpublished opinion).

We need not determine whether the failure to post an appeal bond makes a challenge to the bond decision moot on appeal, however, because we have found no substantive error by the district court. Given that GMI hasn't raised any issue on appeal requiring that we reverse any of the district court's underlying judgment, setting the bond in this case at an amount that was unreasonably high, as GMI argues occurred, could not have caused any harm to GMI because the Bank was entitled to proceed with the enforcement of its judgment. On that basis, we conclude that GMI's appellate challenge to the amount of the appeal bond is moot.

*Summary judgment was justified.*

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015).

GMI submits there are multiple questions of fact remaining. GMI claims the Bank breached its duty of good faith and fair dealing, an outstanding question of fact. However, GMI did not raise good faith and fair dealing before the district court in response to the Bank's motion. Issues not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011).

The district court correctly ruled the Bank was entitled to summary judgment on GMI's breach of contract claim because GMI's arguments did not raise a genuine issue of material fact. The district court found the promissory notes GMI signed contained acceleration clauses and rights of setoff, and GMI presented no evidence to controvert the provisions of the promissory notes. The district court also found substantial competent evidence to support that the Bank believed its collateral was impaired including GMI's failure to pay back real estate taxes with insurance proceeds and GMI's history of allowing loans to become past due and in need of refinancing. GMI did not present any evidence to controvert this fact.

10

The district court correctly ruled the Bank was entitled to summary judgment on GMI's claim of wrongful dishonor. The district court found the Bank informed GMI by letter a $50,000 hold had been imposed on its deposit account and GMI's principal acknowledged receiving the letter. The Bank never released the hold. The district court also found the Bank executed its right to set off on December 12, 2013, because it believed its collateral, prospect of payment, and performance on GMI's loans were impaired. The district court granted summary judgment for the Bank on GMI's wrongful dishonor claim because the Bank had already set off the balance of GMI's checking account and applied the funds to both of GMI's loans. Thus, GMI's account was insufficient to cover its checks for $140,000 and $400 when presented for payment.

GMI argues the Bank's dishonoring of the checks as uncollected funds rather than insufficient funds raises a material fact. However, GMI does not elaborate on this point. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015). Further, whether the checks were dishonored as uncollected funds or insufficient funds is not a meaningful distinction. When the checks were presented, GMI did not have sufficient funds in its account to cover either one of them.

*No abuse of discretion to award attorney fees.*

The trial court is vested with wide discretion to determine the amount and the recipient of an award of attorney fees. When reviewing an award of attorney fees, the appellate court does not reweigh the testimony or the evidence presented or reassess the credibility of witnesses. An award of attorney fees will not be set aside on appeal when supported by substantial competent evidence. *In re Marriage of Strieby*, 45 Kan. App. 2d 953, 973, 255 P.3d 34 (2011).

11

In deciding the reasonableness of an attorney fee, the eight factors set forth in Rule 1.5(a) of the Kansas Rules of Professional Conduct (KRPC) should be considered. (2017 Kan. S. Ct. R. 292.) The district court itself is an expert in the area of attorney fees and can draw on and apply its own knowledge and expertise in determining their value. An appellate court is also an expert on the reasonableness of attorney fees. See *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 169, 298 P.3d 1120 (2013). However, an appellate court does not substitute its judgment for that of the district court on the amount of the attorney fees awarded absent a showing of abuse of discretion. *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 943-44, 305 P.3d 622 (2013). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Life Assur. Co. of Columbus*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

On appeal, GMI contends the district court erred in its evaluation and award of attorney fees. GMI argues there is no record showing the district court reviewed the Bank counsel's affidavit and attached invoices before awarding fees. GMI also disputes the district court's award for travel time and "merely attending a deposition." Finally, GMI argues the district court abused its discretion when it awarded fees without including its analysis of the KRPC 1.5(a) factors in the record.

GMI's argument fails. First, contrary to GMI's assertion, the district court did make a record indicating it had reviewed the Bank counsel's affidavit and invoices. At the July 20, 2015, hearing, the district court stated:

> "What I'm going to do, I'm going to go ahead and resolve the issues that I believe are still remaining in this case and then I'll take up your motion, Mr. Blume, as there has been enough pleadings filed in this case.
> "The Court in this case makes the following findings:

12

. . . .

"The Court further is approving attorney fees in the amount of $18,666.12.

"The Court went through each of the requested attorney fees item by item, line item on each, and found them to be fair and reasonable based on the litigation that occurred in this case."

Second, GMI did not argue the impropriety of collecting attorney fees for travel time or attending depositions before the district court. Issues not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc.*, 293 Kan. at 403. Thus, it is not properly before this court. Further, there is nothing in the record indicating the invoiced time includes travel time or if the Bank's counsel "merely attended" the depositions in question. GMI has failed to show the amount of attorney fees was unreasonable.

Third, GMI cites no authority requiring the district court to explicitly consider the factors set forth in KRPC 1.5(a) on the record. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue, abandoning the point. *University of Kan. Hosp. Auth.*, 301 Kan. at 1001. In addition, despite GMI's assertion to the contrary, the district court did not "reflexively just sign[] off on the $18,666.12 amount" of attorney fees. Instead, the record reflects the district court found the requested attorney fees to be reasonable in light of the litigation in this case, having previously been described as "highly caustic and contentious."

GMI failed to show no reasonable person would agree with the district court's award of attorney fees. Similarly, the decision to award attorney fees was not based on an error of fact or law. We observe no abuse of discretion by the district court's award of attorney fees.

13

*No abuse of discretion to confirm the sheriff's sale.*

A district court's confirmation of a sheriff's sale is reviewed for an abuse of discretion. *Citifinancial Mortg. Co., Inc. v. Clark*, 39 Kan. App. 2d 149, 151, 177 P.3d 986 (2008). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles,* 302 Kan. at 74.

In this section of its brief, GMI predominantly argues the propriety of the district court's order of foreclosure. GMI admits the Bank declared itself insecure based on GMI's failure to timely pay its ad valorem tax obligation to Atchison County. The record reflects it was uncontroverted GMI was delinquent with the payment of its ad valorem taxes for those properties. Thus, the summary judgment order granting foreclosure of the Bank's notes and mortgages reflects GMI presented no material facts to controvert the judgment of foreclosure.

Next, we note, "an order confirming a sheriff's sale is not a repetition of the judgment of foreclosure. The two orders are contiguous but not identical." *L.P.P. Mortg., Ltd. v. Hayse*, 32 Kan. App. 2d 579, 586, 87 P.3d 976 (2004). In *Stauth v. Brown*, 241 Kan. 1, 5, 734 P.2d 1063 (1987), the Kansas Supreme Court favorably quoted *Shuput v. Lauer*, 109 Wis. 2d 164, 325 N.W.2d 321 (1982), which stated:

> "'There is general agreement that the judgment of foreclosure and sale is a final decree; that the proceedings subsequent thereto relating to the sale are analogous to the execution of a judgment and simply enforce the parties' rights which have been adjudicated; that a party who wishes to contest the judgment of foreclosure and sale must appeal from that judgment; that the judgment of foreclosure and sale cannot be challenged on appeal from an order confirming the sale; and that on an appeal from an order confirming the sale an aggrieved person may challenge the regularity of the proceedings subsequent to the judgment of foreclosure and sale.'"

14

GMI briefly argues the district court erred when it confirmed the sheriff's sale because the Bank's bids did not represent the fair value of the property sold.

The facts supporting confirmation of a sheriff's sale must be supported by the record. *Citifinancial*, 39 Kan. App. 2d at 151. In *Olathe Bank v. Mann*, 252 Kan. 351, 361, 845 P.2d 639 (1993), the Kansas Supreme Court stated:

> "The facts and circumstances surrounding each sale must be considered in determining the fair value at a confirmation hearing. As stated in *Nat'l Bank v. Equity Investors,* 81 Wash. 2d at 926, this means the trial court shall consider the local, long-term economic conditions; the type of property involved; its unique qualities, if any; its intrinsic worth; and other characteristics affecting the property's value."

Pursuant to K.S.A. 60-2415(b), the district court "may decline to confirm the [sheriff's] sale where the bid is substantially inadequate." If the district court declines the sale, it has the option of crediting the fair value of the property to the judgment, interest, taxes, and cost. See *Olathe Bank*, 252 Kan. at 357.

The properties at the sheriff's sale sold for a total of $93,500.01. The district court found this was less than the fair value of the properties but would deem the sale adequate if the Bank credited GMI the full amount of the judgment, taxes, interest, and costs— approximately $107,014.98 as of November 20, 2015—thus, leaving no deficiency judgment against GMI.

At the hearing on the motion to confirm the sheriff's sale, the Bank submitted the transcript from the supersedeas bond hearing as evidence. At the supersedeas bond hearing, an associate broker testified the current value of the sold properties was $187,000. The associate broker also testified the properties were in an economically depressed area of Atchison, which would affect the properties' values. The associate broker indicated the properties did not appear to be winterized which could further affect

15

the properties' value. In addition, the Bank's president testified that in a recent foreclosure, the Bank received less than half of a broker's price opinion on five properties in the same neighborhood as the properties sold in this case. The district court's decision to confirm the sheriff's sale is supported by the record. The district court did not abuse its discretion by confirming the sheriff's sale.

Affirmed.