No. 127,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

E.F. and V.F.,
*Appellants*,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,
*Appellee*.

SYLLABUS BY THE COURT

1.

Parties seeking judicial review of an agency action must file their petition within 30 days. Any attempt to file after that period has expired requires court approval. The timely filing of a petition seeking judicial review is jurisdictional.

2.

The statutory docket fees set out in the Code of Civil Procedure and the cover sheet described in Supreme Court Rule 123(a) (2025 Kan. S. Ct. R. at 208) are attendant requirements that accompany the filing of a petition. They are not jurisdictional.

Appeal from Shawnee District Court; JAY D. BEFORT, judge. Oral argument held January 7, 2025. Opinion filed April 25, 2025. Reversed and remanded with directions.

*Linus L. Baker*, of Stilwell, for appellants.

*Marc Altenbernt*, of Kansas Department for Children and Families, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

1

HILL, J.: Should we deny two grandparents' access to our courts simply because they did not pay a docket fee when they filed their petition? There are certain legal steps that all litigants must take before a court will consider their case. In other words, the court has no authority to act—no jurisdiction—if those steps are not taken. Those steps are said to be jurisdictional. Is paying a filing fee one of them?

These Grandparents tried to appeal a Department for Children and Families holding that they had neglected the three grandchildren who were in their care. The district court dismissed their petition for review, holding it was untimely. They were told they cannot make an appeal because they failed to pay a docket fee within a certain time. No money—no appeal.

To us, the Grandparents argue that the district court erroneously held that the docket fee payment was a jurisdictional requirement. They ask us to reverse that holding and order the court to make its review of the adverse agency ruling. Prior courts have held that the payment of a filing fee is not a jurisdictional requirement, and we agree. Therefore, we reverse and remand.

*Here are details of the adverse agency action.*

Grandparents are the primary caregivers of their three grandchildren. An investigation by the Kansas Department for Children and Families found that both grandparents physically and medically neglected their grandchildren. The Grandparents appealed the Department's findings to the Office of Administrative Hearings. The hearing officer affirmed the Department's findings. In turn, those findings were affirmed on appeal to the State Appeals Committee in a final order filed on October 2, 2023. Under K.S.A. 77-613(b), an appeal is timely if filed within 30 days of the final order. Thus, Grandparents had to file their petition for review by November 1, 2023.

2

But on October 12, 2023, the Kansas Judicial System fell victim to a cyberattack—rendering all the courts' electronic systems inaccessible. Papers could not be filed. Payment by credit card was suspended. A flurry of Administrative Orders followed. See Kansas Supreme Court Administrative Order 2023-CC-073, effective October 12, 2023.

The Administrative Order directed litigants to either "file by facsimile unless the filing requires a payment" or "file in person during the applicable clerk of the court's normal business hours." Order 2023-CC-073. If a party's filing was deemed "untimely due to the unavailability of the electronic filing systems," the order allowed those litigants to seek relief from the applicable court. Order 2023-CC-073. In a second administrative order, the Supreme Court provided an additional method for filing by mail. Kansas Supreme Court Administrative Order 2023-CC-074, effective October 16, 2023 (rescinded by Supreme Court Administrative Order 2024-CC-060, effective June 28, 2024).

These administrative orders show that the Supreme Court was trying to maintain the flow of litigation. Since the acceptance of credit cards was suspended, payment could no longer be accepted in that fashion, but the filing of cases would continue. The Supreme Court was doing its best to keep our courts open despite the outrage of the cyberattack.

On October 28, 2023, three days before the deadline, Grandparents fax-filed a petition for review from the Appeals Committee's order to the Shawnee County District Court Clerk's Office. The clerk returned the petition by mail, stating the petition was voided for the lack of a simultaneous submission of a filing fee as required under K.S.A. 60-2001(a). Grandparents then tried to refile their petition, mailing both the petition and a check for the filing fee on November 6, 2023. Once again, the clerk returned the filing— this time because the Grandparents did not include a civil cover sheet in their second

3

filing as required by Supreme Court Rule 123 (2023 Kan. S. Ct. R. at 215). Finally—on their third try—Grandparents' petition was docketed after mailing their petition, the docket fee, and a civil cover sheet on November 15, 2023.

To sum up, Grandparents filed their petition by fax within the time limit. That filing was rejected and returned by the clerk to the Grandparents by regular mail. They did not know of the clerk's rejection until they received it later. Thus, they received notification after the 30-day filing period had expired. The Grandparents then tried to file using regular mail and sent a check for costs, but this was rejected for lack of a civil cover sheet as required by Supreme Court Rule 123. Finally—on the third try—they mailed the petition, the check, and the cover sheet and the clerk accepted the filing. The court got its money and its cover sheet, and the Grandparents at last had filed their petition for relief. But their stay in the court was brief.

Because the petition was officially docketed on November 15—14 days after the 30-day deadline—the Department moved to dismiss the appeal as untimely. Grandparents responded by arguing that the petition was timely filed, relying on the original fax file date. Grandparents also argued they acted in good faith—making attempts to cure after the clerk returned their petition. Finally, Grandparents argued that the clerk acted outside their authority and arbitrarily voided Grandparents' filing because that sort of action requires a court order.

*The district court's no pay no play order kept the court closed to these Grandparents.*

Relying on K.S.A. 60-2001(a), the district court dismissed Grandparents' petition after finding that the petition was untimely filed. The court held that the statute requires all filings to be submitted together with the appropriate filing fee. The court found that Grandparents' petition was not filed until November 15, 2023. The court found that the "clerk was left with no choice but to refuse to file the petition since it lacked payment of

the requisite fee." The court also interpreted the Supreme Court's Administrative Orders to provide district courts with discretion for permitting a late filing due to the cyberattack but found that there was good reason for the court to decide otherwise in this case. In other words, without explanation, the court declined to exercise any discretion here and permit the late filing.

The court followed a line of reasoning. First the court cited the Supreme Court's Administrative Orders, which stated that "[a]ll parties will be allowed to file by facsimile unless the filing requires a payment." See Order 2023-CC-073; Order 2023-CC-074. Then, the court turned to K.S.A. 60-2001, which states, "no case shall be filed or docketed in the district court . . . without payment of a docket fee." Finally, the court referred to the Kansas Judicial Review Act: "Judicial review is initiated by filing a petition for judicial review in the appropriate court and payment of the docket fee as required by K.S.A. 60-2001." K.S.A. 77-610. Basically, the district court concluded that the Grandparents could have mailed their petition and filing fee or filed in person during the court's normal business hours according to the Administrative Orders. Following this reasoning, the court dismissed the Grandparents' petition. This appeal follows.

*We address a preliminary question raised by the Department.*

The Department argues that Grandparents failed to seek relief from the district court after the court dismissed their petition. In their view, because Grandparents did not seek relief from the district court, they could not pursue an appeal to this court. The issue of timeliness was not raised before the district court until the motion to dismiss. Thus, there was no relief to be sought until the district court took up the Department's motion to dismiss. And after Grandparents' petition was dismissed by the district court, Grandparents could only seek relief from this court.

5

Under the administrative orders in place during the cyberattack, the Supreme Court instructed litigants whose filings were deemed untimely due to the unavailability of the electronic systems to seek relief from the applicable court. It is not clear which court would be the applicable court to properly seek relief, but here, the Grandparents sought relief from a court with authority to grant relief. Considering the confusion at that time, we hold that the Grandparents preserved the issue, and we will consider the merits of the appeal.

*Some general observations about the purpose of docketing fees help resolve this dispute.*

A civil case is born when a petition is filed in district court. K.S.A. 60-203(a). Docket fees are required under K.S.A. 60-2001(a), which states, "[e]xcept as otherwise provided by law, no case shall be filed or docketed in the district court, whether original or appealed, without payment of a docket fee." The only exception to payment of the docket fee is provided for indigent prisoners seeking habeas corpus relief under K.S.A. 60-1507 plaintiffs or other plaintiffs who have filed an affidavit of indigency. See K.S.A. 60-2001(b)(1).

Before this case, Kansas courts have considered whether the payment of a docket fee is a jurisdictional requirement and found that it is not a requirement. See *Avco Financial Services v. Caldwell*, 219 Kan. 59, Syl. ¶ 1, 547 P.2d 756 (1976); *Antalek v. State*, No. 120,311, 2020 WL 4251034, at *2-3 (Kan. App. 2020) (unpublished opinion).

Payment of a docket fee is not a jurisdictional hurdle for litigants to clear; it is a procedural requirement affecting the docketing of a civil case. The *Avco* court held that the docket fee is not a jurisdictional requirement because the only party affected by the payment of a docket fee is the district court clerk, not the adverse party. 219 Kan. at 62-63. In a recent unpublished opinion, a panel of this court held the payment of a docket fee

6

is not a jurisdictional requirement to filing a habeas corpus petition under K.S.A. 60-1507 or K.S.A. 60-2001. *Antalek*, 2020 WL 4251034, at *2-3.

This view of the docket fee promotes meritorious resolution of legal disputes. Generally, the law prefers lawsuits to be decided on their merits rather than on technical compliance with procedural rules. See *Fisher v. DeCarvalho*, 298 Kan. 482, 500, 314 P.3d 214 (2013); *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989). In determining whether to set aside default judgment, a court should resolve any doubt in favor of the motion so that cases are decided on their merits.

In *Avco*, the appellants appealed the district court's order dismissing their appeal from a magistrate court for failure to pay the docket fee in district court. 219 Kan. 59. After the clerk of the magistrate court received the notice of appeal, the case was forwarded to the district court clerk who did not enter the appeal on the docket. 219 Kan. at 59-60. On the clerk's own initiative, the filing stamp was stricken and the papers were sent back to the magistrate court because the docket fee did not accompany the papers in the case. 219 Kan. at 60. Once the appellants cured their nonpayment of the docket fee, the case was again filed with the magistrate court clerk and forwarded to the district court clerk who filed and docketed the appeal. 219 Kan. at 60. But the date that the appeal was filed and docketed was after the required time to appeal a magistrate court decision under K.S.A. 1974 Supp. 61-2101 and K.S.A. 1974 Supp. 61-2102. 219 Kan. at 60. After the appellee moved to dismiss for lack of jurisdiction, the case was dismissed by the district court. 219 Kan. at 60.

Our Supreme Court held that the payment of a docket fee is not a jurisdictional requirement under K.S.A. 1974 Supp. 60-2001. *Avco*, 219 Kan. at 62-63. The court reasoned that the Legislature did not specify the time within which the docket fee must be paid in the district court in any of the statutes applicable to the case. 219 Kan. at 62. The

7

court further reasoned that under K.S.A. 1974 Supp. 60-2001 and K.S.A. 1974 Supp. 61-2102:

> "[T]he payment of a docket fee to the clerk of the district court is required in appeals from Courts of Limited Jurisdiction, but the payment is not jurisdictional to the perfection of an appeal in the sense that it must accompany the notice of appeal. Filing of the notice of appeal in the magistrate court within the ten day period set forth in 61-2102, supra, is jurisdictional." 219 Kan. at 62.

The court concluded that the appellee had failed to show prejudice by the appellant's failure to pay the docket fee when the papers from the magistrate court were filed in the district court. *Avco*, 219 Kan. at 63. The court also held that the delayed payment of the docket fee affects only the public official that benefits from the payment, and in no way prejudices the appellee. The court also held that the filing of the notice of appeal properly perfected the appeal. 219 Kan. at 63.

The facts of *Avco* are similar to this case in that the issue in *Avco* was whether the payment of a $35 docket fee was necessary to file or docket a case in the district court. Additionally, the *Avco* court considered whether K.S.A. 1974 Supp. 61-2101 required perfecting an appeal from a magistrate court to the district court by paying the docket fee. While *Avco* applied an old statute and dealt with an appeal from a magistrate court to the district court, it is nevertheless applicable and remains good law. As recently as 2020, a panel of this court relied on *Avco* to hold an inmate filing a habeas corpus action under K.S.A. 60-1507 was not jurisdictionally barred from filing a petition if the inmate did not immediately pay a docket fee. *Antalek*, 2020 WL 4251034, at *2-3.

The logic of *Avco*'s holding applies even though this case deals with an administrative appeal instead of a magistrate court. *Avco* held that the payment of a docket fee affects only the clerk of the district court, and an adverse party is not affected by the time of the payment of the docket fee. This holding was again reiterated in *Antalek*

8

that the "time within which a docket fee is paid is secondary to actual payment." 2020 WL 4251034, at \*3 (citing *Avco*, 219 Kan. 59, Syl. ¶ 1). The only person affected by the Grandparents not paying this fee was the clerk of the court, and the failure to pay had no ill effects on the Department.

Jurisdiction—the authority to hear a case—can arise when the Legislature has enacted a law that calls for the court to resolve a dispute. Here, K.S.A. 77-609 directs that our district courts can conduct judicial reviews of state agency actions. In turn, K.S.A. 77-613(b) requires petitions for judicial review of an agency action be filed within 30 days after any final agency order has been served upon the petitioners. This means that during this 30-day period, the filing of a petition seeking review begins the court action on the case.

We deem this filing of the petition seeking judicial review within this 30-day window to be jurisdictional—after all, a court cannot exercise its authority unless it is asked to do so. Any attempt to file such a petition after that 30-day period has expired will require some court determination of whether any delay in filing is excusable before the court can address the dispute.

The statutory docket fee set out in K.S.A. 60-2001(a) and the cover sheet required by Supreme Court Rule 123(a) (2025 Kan. S. Ct. R. at 208) are attendant requirements that accompany the filing of a petition. But they do not create jurisdiction. The payment of money to the clerk and filling out an information form useful for clerical purposes has no effect on the opposing party. Both are case processing procedures—not jurisdictional requirements.

We note in passing that another panel of this court in *Wilson v. State*, 40 Kan. App. 2d 170, 177-78, 192 P.3d 1121 (2008), followed the logic of *Avco* and ruled that the cover sheet was not a jurisdictional requirement. This reinforces our view that the date of

9

filing is jurisdictional, but procedural requirements like the filing fee and cover sheet are not.

Here, the Grandparents' appeal was fax-filed within the 30-day period allowed by law. Because of the cyberattack, the Grandparents could not pay by using a credit card. That failure to pay was not because of their neglect. The docketing fee was paid later. The late payment of the filing fee did not prejudice the Department in any way. The clerk simply received the money later. And the court gave no other reason to dismiss than the nonpayment of the filing fee. It was a chaotic time in Kansas courts, but this appeal is important to the Grandparents. Because the payment is not jurisdictional to the perfection of an appeal to the district court, the Grandparents' appeal should be heard on its merits.

To answer our initial question, paying this filing fee was not a jurisdictional requirement. We hold that the district court erred when it ruled that the payment of the filing fee was jurisdictional. We must reverse the judgment of dismissal and remand with an order for the appeal to be reinstated and considered on its merits.

Reversed and remanded with directions.